**Morris POWELL, Appellant,**

v.

**Maurice PAYTON, Jailer, Henry County Jail, Appellee.**

Supreme Court of Kentucky.

Nov. 12, 1976.

Jack Emory Farley, Public Defender, Gary E. Johnson, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Frankfort, for appellee.

JONES, Justice.

The issue on this appeal is whether the trial court erred in denying Morris Powell's petition for habeas corpus.

On December 3, 1975, Powell was convicted in the Shelby Circuit Court of third-degree burglary. The trial court sentenced him to the Kentucky State Reformatory for a term of one year.

On January 12, 1976, Powell was convicted in the Henry Circuit Court on two counts of possessing marijuana for the purpose of sale. The trial court fixed his punishment at confinement in the county jail for a period of three months on each count. In sentencing Powell, the trial court directed that each of the sentences be served consecutively and further, that they be served consecutively with the sentence imposed by the Shelby Circuit Court. Powell was returned to the reformatory. The Henry Circuit Court placed a detainer with the authorities of the reformatory, directing that upon completion of the Shelby Circuit Court sentence Powell be returned to the Henry County Jail to serve the two misdemeanor sentences.

In July 1976, Powell was released on parole, and returned to the Henry County Jail, where he is serving the two three-month's sentences imposed by the Henry Circuit Court.

Powell contends that the trial court erred in directing that his two sentences for misdemeanor offenses committed in Henry County run consecutively with the felony sentence imposed by the Shelby Circuit Court.

The trial court in denying Powell's petition for writ of habeas corpus indicated that certain provisions of KRS 532.110 were ambiguous. He conceded, however, that if Powell had been convicted in the Henry

Circuit Court on a felony charge and two misdemeanors, then the misdemeanor convictions would run concurrently with the felony sentence. The question that gave him concern was whether a judge of one circuit court can direct a sentence imposed by him to run concurrently or consecutively with a previously imposed sentence by another circuit court.

Concurrent and consecutive terms of imprisonment are dealt with in the provisions of KRS 532.110. Sub-section (1) of the statute provides:

"When multiple sentences of imprisonment are imposed on a defendant for more than one crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, such multiple sentences shall run concurrently or consecutively at the time of sentence, except that:

(a) A *definite* and an *indeterminate* term shall run concurrently and both sentences shall be satisfied by service of the indeterminate term." (Emphasis added)

The statutes classify a sentence for a misdemeanor as a definite sentence, and for a felony as an indeterminate sentence. KRS 532.090, KRS 532.060. Therefore, the exception contained in KRS 532.110(1)(a) is applicable when an offender is sentenced for a misdemeanor conviction by a circuit court other than a circuit court that has imposed a sentence for a felony conviction. In such situations the misdemeanor conviction must run concurrently with the previously imposed felony sentence from another circuit.

The judgment is reversed with directions that Powell's petition for writ of habeas corpus be granted.

All concur.