Michael P. JAMES, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

March 30, 1983.

Jack Emory Farley, Public Advocate, John Michael Brown, Gittleman & Barber, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Penny R. Warren, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Michael P. James was tried and convicted for the offenses of second-degree burglary, KRS 511.030, first-degree rape, KRS 510.-040, and receiving stolen property, KRS 514.110. At the persistent felony offender phase of the trial, James was convicted as a

first-degree persistent felony offender and the conviction for first-degree rape was enhanced to life imprisonment. James was sentenced to life imprisonment on the persistent felony offender charge and to ten years' imprisonment on the burglary charge to run concurrently. He was sentenced to twelve months in jail on the receiving stolen property charge to run consecutively with the two felonies. We affirm.

■ James' first assertion of error is that the trial court erroneously declined to sever the charges against him. He argues that the requirements for joinder under RCr 6.18 are not present. The three crimes here were closely related in character, circumstances, and time, and we are of the opinion there is no showing of abuse of discretion and prejudice in the joinder of the offenses for trial. *Seay v. Commonwealth*, Ky., 609 S.W.2d 128 (1981) and *Cardine v. Commonwealth*, Ky., 623 S.W.2d 895 (1981). The burglary of the victim's apartment, the rape and finding property stolen from the apartment in the possession of James all occurred within a two-week period.

■ The evidence of the broken pane of glass and James' fingerprint in our opinion is sufficient evidence to submit the charge of burglary to the jury.

"If under the evidence as a whole it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict." *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530, 533 (1977).

Mere possession of the stolen pistol is sufficient to submit the case to the jury. KRS 514.110(2). James offered no explanation for his possession of the pistol, and there is nothing in the evidence to show that it was unreasonable for the jury to find a guilty verdict.

■ When arrested on the rape charge, James was carrying a gym bag. The arresting officer asked James about the bag and was informed by James that someone had handed it to him and that he did not know to whom it belonged. Later, while the gym bag was in the police cruiser and officers were executing a search warrant by searching James' house, one of the officers ran his hand under the gym bag on the car seat and felt what seemed to him to be a pistol. He then proceeded to open the bag and found a pistol, which was later identified by the victim as being the pistol stolen from her apartment some days prior to the rape.

James moved to suppress the evidence of the pistol on the ground of an illegal search and seizure. He did not testify at the suppression hearing. At the hearing, the arresting officer testified that James had denied being owner of the bag and that some "dude" had handed it to him as he left the gymnasium. The trial court denied the motion to suppress. James argues the major premise that the Commonwealth must rely on the "plain view" and "exigency" cases in this situation and that these propositions do not apply. This argument misses the real question, which is analogous to the expectation of privacy cases. We are of the opinion the search here did not violate any expectation of privacy on the part of James. He denied being owner of the bag. There is no "search" here for purposes of the Fourth Amendment, and there is a total absence of any legitimate expectation of privacy. Cf. *Sussman v. Commonwealth*, Ky., 610 S.W.2d 608 (1981), and *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980).

■ James requested that the trial court give an "admonition" to the jury that no emphasis be given to James' failure to testify. This request was denied by the trial court. In his argument on this appeal James attempts to equate this request for an admonition with a request for an "instruction" on failure of a defendant to testify. *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), held that a state trial judge has the constitutional obligation to give a prophylactic instruction upon proper request to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify. There is a vast difference in a request for an admonition and a requested instruction. James

was entitled to the instruction, but did not ask for it. The trial court properly denied the request for an admonition.

■ The proof of the Commonwealth on the persistent felony offender phase of the trial was that James entered a guilty plea in Nebraska to a felony charge of forgery in 1972 and was sentenced to probation for a period of two years. Later that year in Virginia, James entered a guilty plea to murder and was sentenced to twenty-eight years' imprisonment. James was on parole from this conviction when he committed the offenses here.

James argues that the Nebraska conviction does not meet the requirements of KRS 532.080(2)(a):

"(2) ... As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:

"(a) That a sentence to a term of imprisonment of one year or more or a sentence to death was imposed therefor; ...."

The Commentary accompanying this subsection in the Kentucky Penal Code, Final Draft November 1971, p. 347, is as follows:

"Subsection (2) sets forth a definition of a previous felony conviction. It requires in Subdivision (a) that the previous offense must have been accompanied by a sentence of imprisonment for one year. *This requirement seeks to account for the possibility of conviction from a state which has a distinction between felony and misdemeanor that is different from that used in this state.* Thus, although such conviction is for an offense designated in that other state as a misdemeanor, it can be treated as a felony for purposes of this statute if it carried a penalty of one year or more." (Emphasis added.)

We have consistently relied upon the Commentary as an expression of legislative intent. It is apparent that the statute does not require actual imprisonment as was the case in the former statute, and reasons for the use of the term "imprisonment" in and of itself are fully explained in the Commen-

tary. Here the offense in Nebraska was a forgery, which is a felony in this state.

■ Finally James argues that the trial court erroneously ordered the misdemeanor conviction to be served consecutively with the felony convictions. James argues that our opinion in *Powell v. Payton,* Ky., 544 S.W.2d 1 (1976), should be applied to the situation here. It is true that as a general proposition KRS 532.110(1) construed together with KRS 532.090 and KRS 532.060 mandates that a misdemeanor sentence be served concurrently with the indeterminate sentence for a felony. That proposition would obtain here save for the application of KRS 533.060(2) which provides in part that when a defendant "is convicted or enters a plea of guilty to a felony committed while on parole, ..., the period of confinement for that felony shall not run concurrently with any other sentence."

The legislature has determined that offenses committed while on parole shall be dealt with in a harsher manner, and this clear expression of the legislature takes this case out of the rule in *Powell.*

The judgment is affirmed.

All concur.