**Michael L. HARRIS, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

Aug. 17, 1984.

G. Patrick Thompson, Meade County Public Advocate, Brandenburg, for appellant.

David L. Armstrong, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and WHITE and COMBS, JJ.

COMBS, Judge.

Appellant was probated after pleading guilty to a misdemeanor, receiving stolen property valued under $100. While on probation, he was convicted of two counts of first-degree rape.

After the felony conviction appellant's probated sentence from the misdemeanor was revoked and the trial court held that the misdemeanor sentence was to run consecutively with the felony sentence, which is the issue on appeal. We disagree with the trial court, and reverse.

KRS 532.110(1)(a) reads as follows:

When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, such multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:

A definite and an indeterminate term shall run concurrently and both sentences shall be satisfied by service of the indeterminate term; . . . .

A definite term is a sentence for a misdemeanor offense. KRS 532.090. An indeterminate term is a sentence of imprisonment for a felony. KRS 532.060(1).

The General Assembly has clearly stated its intent. The Commonwealth, however, relies upon KRS 533.060(2) and *James v. Commonwealth,* Ky., 647 S.W.2d 794 (1983).

KRS 533.060(2) reads as follows:

When a person has been convicted of a felony and is committed to a correctional facility maintained by the bureau of corrections and released on parole or has been released by the court on probation, shock probation, or conditional discharge, and is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock probation, or conditional discharge, such person shall not be eligible for probation, shock probation, or conditional discharge and the period of confinement for that felony shall not run concurrently with any other sentence.

In *James, supra,* the Kentucky Supreme Court held that misdemeanors are to run consecutively with felonies when KRS 533.-060(2) is applicable.

The appellant in the present case had not "been convicted of a felony and . . . released by the court on probation . . . and convicted . . . of a felony committed while on . . . probation." KRS 533.060(2) does not apply in this case.

Additionally, the Commonwealth argues that the trial court's last sentence in its judgment or probation would cause the sentences to run consecutively. The trial court cannot do prospectively what it cannot do presently.

The judgment of the Fayette Circuit Court is reversed.

All concur.