**French D. MYERS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 91–CA–000371–MR.**

Court of Appeals of Kentucky.

March 27, 1992.

Discretionary Review Denied By Supreme Court Aug. 26, 1992.

**432**

James A. Kidney, Jr., Newport, for appellant.

Chris Gorman, Atty. Gen., Vickie L. Wise, Asst. Atty. Gen., Frankfort, for appellee.

Before HUDDLESTON, SCHRODER and STUMBO, JJ.

SCHRODER, Judge.

This is an appeal from an order of the circuit court denying appellant's motion for relief pursuant to CR 60.02 claiming the trial court's revocation of his probationary sentence was violative of KRS 533.040(3).

The appellant, French D. Myers, plead guilty to second-degree burglary (amended) and receiving stolen property. The trial court withheld the sentence of five years on each offense and imposed five years probation on June 15, 1989. Appellant was subsequently arrested on a sixteen-count indictment for offenses allegedly occurring between September 27 and October 19, 1989. On March 9, 1990, the appellant plead guilty to eight counts and on April 27, 1990, the trial court sentenced the defendant to twenty-one years of imprisonment. On May 1, 1990, following a revocation hearing, appellant's prior probation was revoked and he was sentenced to five years of imprisonment on each count, to run consecutively (for a total of ten years) and consecutively with any other sentence appellant was serving. In January of 1991, the circuit court denied the appellant's motion for relief pursuant to CR 60.02.

The appellant now appeals to this Court on the denial of his motion maintaining the court revoked his probationary sentence in violation of KRS 533.040(3). The statute states, in part, as follows:

> A sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison or parole term for another offense to which the defendant is or becomes subject during the period, unless such sentence of probation or conditional discharge is revoked. *Such revocation must take place prior to parole under or expiration of the sentence of imprisonment or within ninety days after the grounds for revocation come to the attention of the bureau of corrections (now known*

*as Corrections Cabinet), whichever occurs first.*

KRS 533.040(3); (Emphasis the Court's).

Appellant claims the revocation of his probationary sentence was violative of the ninety-day requirement set out in KRS 533.040(3). Appellant argues he was arrested for charges on indictment no. 89–CR–685 on October 19, 1989, but a revocation hearing was not held and his probation not revoked until May 1, 1990. Therefore, according to appellant's rationale, the trial court violated KRS 533.040(3) when it revoked his probation over six months after the "grounds for revocation came to the attention of the bureau of corrections...." KRS 533.040(3). At first blush, the appellant's argument would seem to have merit.

█ Upon closer examination, however, the significant question we must address is when did the grounds for revocation come to the attention of the Corrections Cabinet (hereinafter referred to as "Corrections"), or what is sufficient grounds to give notice? Is a mere allegation of a violation by an anonymous caller sufficient to put Corrections on notice to start the ninety days running, or does Corrections have until there is a final conviction, which is to say, after all appeals are exhausted? Neither extreme would serve justice nor should we require a motion to revoke probation every time there is an allegation of a violation. The better rule, for judicial economy, would be to allow prosecutorial discretion to review the allegations and investigate the case for evidence or proof before a premature charge is filed.

█ In the case sub judice, the ground for revocation was the conviction of the new offense, not the arrest. This is not to say that it is necessary for the Commonwealth to obtain a conviction in order to accomplish revocation of probation. *Tiryung v. Commonwealth*, Ky.App., 717 S.W.2d 503, 504 (1986). While a conviction for a new offense would be grounds for revocation, an arrest for the same offense may or may not be. An arrest and/or indictment are only allegations and the defendant remains innocent of the charge(s) until proven guilty. The Corrections Cabi-

net may treat the arrest as grounds for revocation, and *if* (emphasis added) a detainer is placed on the defendant by Probation and Parole at anytime prior to the revocation hearing, it is our opinion that this would be notice to Corrections and this prosecutorial decision (notice that they are treating the allegations as having substance) would commence the ninety-day period for revocation. If, however, Corrections treats the arrest as a mere allegation and waits until a conviction is attained, seeking no detainer nor an arrest warrant on the defendant, then we deem that there is not notice of the grounds for revocation until conviction. Our rationale is that if the revocation hearing is based on other pending charges, there may be compelling reasons to postpone the hearing until the final disposition of the other charges, either to safeguard the defendant from potential self-incrimination or to prevent duplicative hearings (encouraging judicial economy).

Note that if the hearing is based on other pending charges, it may be in the defendant's best interest to waive the ninety-day period in order to postpone the revocation hearing until after the trial on the other charges. The reason is that the burden of proof required to revoke probation is "merely proof of an occurrence by a preponderance of the evidence," [*Rasdon v. Commonwealth*, Ky.App., 701 S.W.2d 716, 719 (1986) (citing *Murphy v. Commonwealth*, Ky.App., 551 S.W.2d 838 (1977))] whereas a conviction requires proof beyond a reasonable doubt. RCr 9.56. Axiomatically, it is often to the defendant's benefit if Corrections postpones the probation revocation hearing until after the trial on the pending charges (if no holder is placed on defendant). Under these circumstances, the defendant may be acquitted due to the higher burden of proof, and consequently make it harder for Corrections to persuade the court to revoke the defendant's probation. See a similar scenario in the case of *Gavel v. Commonwealth*, Ky., 674 S.W.2d 953 (1984).

The defendant does have a right to a hearing within ninety days of the detainer

**434**

being placed on him or within ninety days from the time an arrest warrant is secured. This is based on the fact that in cases where a detainer is placed on the defendant, the defendant will remain confined pending an arrest warrant or maybe until the hearing, and thus be prejudiced by such imprisonment. The defendant can waive this right to have the hearing within ninety days, but if he does not, he is entitled to a probation revocation hearing within ninety days of the time the Corrections Cabinet receives notice of the alleged violation pursuant to KRS 533.040(3).

In the case at bar, the Corrections Cabinet sought to have appellant's probation revoked only after he had plead guilty to eight counts of indictment 89–CR–685 in Fayette Circuit Court. The appellant plead guilty on March 9, 1990, and was sentenced on April 27, 1990. The revocation of appellant's probationary sentence was entered on May 1, 1990. Since no detainer or notice was placed on the appellant until after he was convicted (and before he served or was paroled on the twenty-one-year sentence), the conviction was notice and grounds which commenced the running of the statutory ninety-day revocation period. Accordingly, we hold the court's determination to revoke appellant's probation was within the ninety-day statutory requirement of KRS 533.040(3).

The appellant next questions the trial court's authority to impose the probated sentence of ten years to run consecutively with the subsequent sentence under indictment 89–CR–865. KRS 533.040(3) specifically states in part:

> A sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison or parole term for another offense to which the defendant is or becomes subject during the period, *unless such sentence of probation or conditional discharge is revoked.*

(Emphasis the Court's).

It is our opinion that probated sentences are to run concurrently *UNLESS* the sentence of probation is revoked. In the case at bar, the appellant's probation was re-

voked, thus pursuant to KRS 533.040(3) the court has the authority to impose consecutive sentences. Hence, the appellant's claim fails for lack of merit.

For the foregoing reasons, the trial court's revocation and reinstatement of appellant's probationary sentence is affirmed.

STUMBO, J., concurs.

HUDDLESTON, J., concurs in result only.