9 F.3d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Thomas STACEY, Defendant-Appellant.
 No. 93-5402.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1993.
 
 Before: MILBURN and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant appeals the judgment of sentence imposed by the district court. On appeal, the issue is whether the district court erred in adding four criminal history points under United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1(b). For the reasons that follow, we affirm.
 
 I.
 
 2
 On December 28, 1991, the Jefferson County Police stopped defendant in Jefferson County, Kentucky, and placed him under arrest for outstanding state criminal charges. As the police officers were taking defendant into custody, they discovered a nine millimeter pistol and some ammunition partially concealed under the rear seat of the car. Two days earlier, defendant had purchased the pistol from a pawn shop after falsely stating that he had no felony convictions and no pending criminal indictments against him.
 
 
 3
 On May 4, 1992, a federal grand jury indicted defendant for (1) possessing a firearm and ammunition after being convicted of several felonies in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (2) receiving firearms while under felony indictments in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D), and (3) making false statements with respect to a fact material to the legality of the sale of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(B). Defendant made a plea agreement with the United States pursuant to Federal Rule of Criminal Procedure 11(e)(1)(B), in which defendant agreed to plead guilty to the felon in possession of a firearm charge (count one), and the United States agreed to dismiss the remaining charges, recommend a two-level reduction in defendant's offense level for acceptance of responsibility, and recommend a sentence of imprisonment at the lowest end of the sentencing guidelines range. Defendant then pled guilty to count one of the indictment on November 9, 1992.
 
 
 4
 A probation officer prepared a presentence investigation report on February 12, 1993. This report detailed defendant's criminal history. Before his arrest defendant had been convicted of burglary, illegal transactions with a minor, attempted theft by failure to make required disposition of property, driving under the influence of alcohol, theft by deception (two misdemeanor counts), and resisting arrest. After his arrest but before his sentencing in federal court, the defendant was convicted and sentenced by Kentucky state courts on several other state charges: sexual abuse (two misdemeanor counts), theft by deception (three misdemeanor counts), and failure to pay child support. During this same time period, defendant pled guilty to state felony charges of forgery and theft by deception,[1] but he had not been sentenced on these felonies at the time of the federal sentencing.[2] Defendant remained in state custody from the time of his arrest until he was taken into federal custody on September 1, 1992.
 
 
 5
 The probation officer calculated defendant's total offense level as 12 and his total criminal history points as 14, which resulted in a criminal history category of VI. These calculations resulted in a sentencing range of 30 to 37 months. In calculating defendant's criminal history category, the probation officer added two points under U.S.S.G. § 4A1.1(b) for a misdemeanor theft by deception conviction in Bullitt County, Kentucky, for which the state trial court had sentenced defendant to one year in custody with credit for time served. The state trial court also ordered that the sentence be served concurrently with any other sentence being served.
 
 
 6
 Defendant objected to the addition of the four points recommended by the probation officer because defendant contended that although he did receive those sentences, he had not yet begun to serve either of them. In an addendum to the presentence report, the probation officer noted that he had "contacted officials with the Bullitt County District Court Clerk's Office as well as with the Bullitt County Jail, and ha[d] received verbal assurances from those officials (although no written documentation) that the above-reference[d] sentences ha[d] in fact been served by the defendant." J.A. 44. Accordingly, the probation officer did not adopt defendant's objections. Defendant then renewed his objections with the district court.
 
 
 7
 At the sentencing hearing on March 9, 1993, the district court overruled defendant's objections to the presentence report and adopted the probation officer's factual findings and application of the guidelines as detailed in the presentence report. The district court rejected the government's recommendation that it sentence defendant at the lowest end of the guideline range and imposed a sentence of 36 months. The district court's judgment was entered on March 18, 1993, and this timely appeal followed.
 
 II.
 
 8
 In reviewing a district court's imposition of a sentence under the sentencing guidelines, this court must "accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742. The government must prove, by a preponderance of the evidence, those facts upon which the court should rely in determining the sentence. United States v. Carroll, 893 F.2d 1502, 1506 (6th Cir.1990).
 
 
 9
 Defendant argues that the district court erred by adding two criminal history points for his failure to pay child support conviction and two points for one of his theft by deception convictions. The guidelines require the court to "[a]dd 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)." U.S.S.G. § 4A1.1(b). On May 21, 1992, the Bullitt County, Kentucky, District Court sentenced defendant to three months in jail for the failure to pay child support conviction; however, the sentence was to be served concurrently with any other sentence being served by the defendant. For the theft by deception conviction, the same court, on June 30, 1992, sentenced defendant to one year in custody with credit for time served, and the sentence was to be served concurrently with any other sentence being served.
 
 
 10
 Because both of the state sentences were greater than sixty days, the district court was correct in adding four points under § 4A1.1(b) if each sentence was a "sentence of imprisonment." "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence. See § 4A1.2(a)(3) and (b)(2)." U.S.S.G. § 4A1.2, comment. (n. 2).[3] Defendant argues that he had not "actually served a period of imprisonment" on either of these sentences because, under Kentucky law, he would not begin to serve either of these misdemeanor sentences until he had been sentenced on the two felony counts, forgery and theft by deception, which were pending against him in another Kentucky state court.
 
 
 11
 Defendant is correct that sentences for misdemeanors and felonies are required to run concurrently in Kentucky, but this does not mean that defendant's two misdemeanor sentences did not start running until his felony sentences started running. In Kentucky, a sentence of imprisonment for a misdemeanor is for a definite term not exceeding one year. K.R.S. § 532.090. A sentence of imprisonment for a felony is an indeterminate sentence. K.R.S. § 532.060. "When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, ... [a] definite and an indeterminate term shall run concurrently and both sentences shall be satisfied by service of the indeterminate term." K.R.S. § 532.110(1)(a). Because the felony sentences had not yet been imposed, K.R.S. § 532.110(1)(a) was inapplicable at the time of defendant's sentencing. There is no requirement under Kentucky law that service of a misdemeanor sentence await service of a felony sentence that has not yet been imposed. The only requirement is that once both a felony sentence and a misdemeanor sentence are imposed, they run concurrently. Cf. Powell v. Payton, 544 S.W.2d 1, 2 (Ky.1976) (holding that a misdemeanor sentence "must run concurrently with the previously imposed felony sentence"). Thus, the disputed misdemeanor sentences in this case could have been running before the felony sentences were imposed.
 
 
 12
 At the time of the federal sentencing, the disputed misdemeanor sentences had started running: defendant had served time on both of the disputed sentences. Both sentences were ordered to be run concurrently with any other sentence being served. At the time the sentences were pronounced, defendant was incarcerated and serving time on an unrelated theft by deception conviction. That sentence had been conditionally discharged, but the discharge was revoked March 13, 1992, and defendant was ordered to spend 365 days in jail. Thus, on May 21, 1992, the date defendant was sentenced on the failure to pay child support conviction, and on June 30, 1992, the date he was sentneced on the theft by deception conviction, defendant was serving another sentence. Because the disputed sentences were ordered to be run concurrently with any other sentence being served, and defendant was serving another sentence at the time the disputed sentences were imposed, defendant had served time on the disputed sentences. In addition, the disputed theft by deception sentence granted defendant credit for time served awaiting sentencing. This credit for time served also means defendant actually served time on the sentence.
 
 
 13
 Because defendant has served time on the theft by deception and failure to pay child support sentences, these sentences were "sentences of imprisonment." Therefore, the district court properly applied U.S.S.G. § 4A1.1(b) by assessing two criminal history points for each of those sentences.
 
 III.
 
 14
 For the reasons stated, the district court's judgment of sentence is AFFIRMED.
 
 
 
 *
 Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Defendant has seven different theft by deception convictions. Two of these convictions, both misdemeanors, occurred before his arrest in this case. Both sentences for these convictions were conditionally discharged. However, after defendant was arrested in this case, one of these conditionally discharged sentences was revoked on March 13, 1992. Defendant was ordered to spend 365 days in jail with credit for time served since his apprehension on December 28, 1991. Three of his theft by deception convictions, all misdemeanors, came after his arrest in this case. One of these convictions is the disputed sentence in this case. Two of his theft by deception convictions, both felonies, also came after his arrest in this case. At the time of sentencing in this case, defendant had pled guilty to those felonies but had not yet been sentenced
 
 
 [2]
 The presentence report indicates that defendant was to be sentenced on these charges on March 1, 1993. J.A. 36-37. The final federal sentencing hearing was held on March 9, 1993, but the transcript seems to indicate that the sentencing on those remaining state charges was to take place later that day. See J.A. 103
 
 
 [3]
 Section 4A1.2(a)(3) and (b)(2) state that a sentence that has been totally suspended shall be counted as a prior sentence under § 4A1.1(c) but a "sentence of imprisonment" in § 4A1.1(a) and (b) refers only to the portion of a sentence that was not suspended. Because the statement in the commentary that to qualify as a "sentence of imprisonment" the defendant must have actually served some time on the sentence references those two sections about suspended sentences, the statement may only refer to suspended sentences
 Two cases from the Eighth Circuit seem to indicate that this is the case. See United States v. Urbizu, No. 93-1287, 1993 WL 342560, * 2 (8th Cir. Sept. 9, 1993) (stating that "[t]his portion of the application note ... is connected by citations to two guidelines that exclude any portion of a sentence that is suspended," and holding that the defendant could not use this commentary "to characterize his five-month stint in a halfway house as something other than imprisonment"); United States v. Thompson, 925 F.2d 234, 235-36 (8th Cir.1991) (analyzing the commentary and deciding that "[a]bsent some type of affirmative conduct by the state relieving [defendant] of his penal obligation," such as suspending his sentence, the district court properly determined a previous state sentence was a "sentence of imprisonment" even though the defendant had not "served a single day of this state conviction" because the state authorities never picked him up).
 In this case, the disputed sentences were not suspended, and the Kentucky authorities did not take any affirmative conduct to relieve defendant of his penal obligations. Thus, the statement in the commentary may be inapplicable to this case. However, because we hold that defendant did actually serve some time on his disputed sentences and because the United States has not raised this issue or cited those Eighth Circuit cases, we do not need to decide whether the statement in the commentary only applies to suspended sentences.