**Jesse Lee SUTHERLAND, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Nos. 93–SC–534–DG, 92–CA–1531.

Supreme Court of Kentucky.

Nov. 22, 1995.

236

Daniel T. Goyette and Bruce P. Hackett, Louisville, for Movant.

Chris Gorman, Attorney General and Gregory C. Fuchs, Assistant Attorney General, Frankfort, for Respondent.

### MEMORANDUM OPINION OF THE COURT

The controversy in this case concerns the operation and application of KRS 533.040(3). The specific issue is whether a trial court may make a ruling in a motion to revoke probation, when that ruling is made more than 90 days after the Department of Corrections becomes aware of reasons to revoke.

The statute reads as follows:

A sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison or parole term for another offense to which the defendant is or becomes subject during the period, unless such sentence of probation or conditional discharge is revoked. Such revoca-

tion must take place prior to parole under or expiration of the sentence of imprisonment or within ninety (90) days after the grounds for revocation come to the attention of the corrections cabinet whichever occurs first. KRS 533.040(3).[1]

In the case now before this Court, a motion to revoke was made in December of 1991. For various reasons, a hearing was not conducted until the following April. The defense argued that the trial judge was without authority to render a ruling, in that more than 90 days had passed after the Department of Corrections had become aware of reasons to revoke.

The trial judge ruled that KRS 533.040(3) was intended to deal with the *calculation* of periods of time for the running of sentences of probation, rather than setting a time limit beyond which a court could not make a ruling. The Court of Appeals affirmed. We affirm as well.

The defense maintains that the plain wording of the statute directs that probation must be revoked within 90 days, after grounds for revocation become known to Corrections. It is argued that the words of the statute are clear and unambiguous. Therefore, there is no room for construction or interpretation. Instead, the statute is to be given its effect as written. It is argued that the statute's explicit directive is that once the time period begins to run, a circuit court has 90 days to rule or thereafter be prohibited from doing so. It is argued that the Legislature clearly created a limit on how long government could wait before revoking a person's probation, once the government becomes aware of the grounds to do so.

We are convinced that the trial court and the Court of Appeals made the correct ruling, after looking at KRS 533.040(3) within the context of the statutory scheme as a whole, as it relates to probation and parole.

It must be pointed out that KRS 533.020(1) provides that a probated sentence may be revoked "at any time" prior to the expiration or termination of the period of probation.

---

1. We take note that the Legislature made a change in this statute, effective July of 1992. The word "shall" was substituted for "must,". "the" substituted for "such" and "Department of Corrections" substituted for "corrections cabinet."

Further, KRS 533.050(1)(a) provides that a trial court may summon a probationer to appear before it "at any time" before the termination of a sentence of probation, upon a finding of probable cause to believe that there was a violation of a condition of probation. The court has the authority to revoke probation, after conducting a hearing. KRS 533.050(2).

In addition, we take note of the Commentary to KRS 533.040(3). It states that this subsection was designed to eliminate a potential problem with probated sentences, which are followed by a subsequent conviction for a new offense. Without subsection (3) being in place, authorities could wait until a defendant had served his prison sentence for a subsequent offense before seeking revocation of the pre-existing probation. Thereby, authorities could reinstate the prior sentence of imprisonment, just as an inmate was obtaining his freedom. Should this occur, the Commentary states that it would defeat the purposes of rehabilitation.

According to the Commentary, KRS 533.040(3) was designed to prohibit such a practice. Thus, Corrections is directed to revoke a prior sentence of probation, before a defendant completes his imprisonment under any subsequent sentence.

We take note of the fact that other statutory enactments direct that probationers who commit other crimes are to be dealt with severely. Such individuals are not to be considered eligible for probation, shock probation or conditional discharge. KRS 533.060(2). Further, any new sentence is not to be run concurrently with any other sentence. *Id.*

Nonetheless, it is the Legislature which provided the 90-day time limitation within KRS 533.040(3). The statute provides that any revocation of probation (which occurs outside of the 90-day period) is to be run concurrently with any other offense. If this time frame is deemed to be too short, it is up to the General Assembly to make a change.

Reading KRS 533.040(3) within the context of the entire legislative scheme, it appears to be the legislative intent to require the Department of Corrections to push for revocation proceedings in a speedy manner, if any subsequent term of sentence is to be served consecutive to any time spent in incarceration as a result of a revocation of probation.

Accordingly, this Court affirms the trial court and Court of Appeals rulings in this case. We affirm the ruling and reasoning found within *Kiser v. Commonwealth,* Ky. App., 829 S.W.2d 432 (1992). We overrule *Myers v. Commonwealth,* Ky.App., 836 S.W.2d 431 (1992), to the extent that it conflicts with this opinion. In all other respects, *Myers* is affirmed.

All concur.

STEPHENS, C.J., FUQUA, LAMBERT, REYNOLDS, STUMBO and WINTERSHEIMER, JJ., and JAMES LEVIN, Special Justice, sitting.

LEIBSON, J., not sitting.