Aaron SNOW, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–CA–002364–MR.

Court of Appeals of Kentucky.

Aug. 9, 1996.

Kim Brooks, Covington, for Appellant.

A.B. Chandler, III, Attorney General, Kent T. Young, Assistant Attorney General, Frankfort, for Appellee.

Before GUDGEL, HUDDLESTON and SCHRODER, JJ.

## *OPINION*

HUDDLESTON, Judge.

In November 1993, Aaron Snow pled guilty to two counts of Theft by Unlawful Taking over $300.00. On April 1, 1994, Snow was sentenced to three years' imprisonment on each count with the sentences to be served concurrently. The sentences were suspended and Snow was placed on probation. Less than two months later, on May 18, 1994, the Commonwealth moved to revoke Snow's probation after he was convicted of driving under the influence (DUI). The revocation motion was denied.

On August 23, 1994, Snow was convicted of several violations and misdemeanors: unau-

thorized use of a motor vehicle with a hardship license; disregarding a traffic control device; criminal possession of a forged instrument in the third degree; and trafficking in less than eight ounces of marijuana. As a result of these convictions he was sentenced to 90 days in jail. The Commonwealth again moved to revoke Snow's probation. This time the circuit court granted the motion and "remanded [Snow] to the custody of the Department of Corrections for service of three (3) years with respect to each of the [felony] indictments, which sentences shall be served concurrently, but consecutively with the 90 days (sic) sentence being served upon [Snow's subsequent misdemeanor] convictions from the Franklin District Court."

On appeal Snow contends that the circuit court erred in ordering the two concurrent three-year felony sentences to run consecutively with the ninety-day misdemeanor sentence. He claims that Ky.Rev.Stat. (KRS) 532.110(1) requires that misdemeanor sentences are to run concurrently with felony sentences. The statute invoked by Snow provides, in relevant part, that:

> When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, *including a crime for which a previous sentence of probation or conditional discharge has been revoked,* the *multiple sentences shall run concurrently or consecutively as the court shall determine* at the time of sentence, *except that:*
>
> (a) A definite and an indeterminate term *shall run concurrently* and *both sentences shall be satisfied by service of the indeterminate term.*[1] (Emphasis supplied.)

The Commonwealth responds that KRS 533.040(3) authorizes consecutive sentences in situations, such as this, where probation has been revoked. That statute provides:

A sentence of probation or conditional discharge *shall run concurrently* with any federal or state jail, prison, or parole term for another offense to which the defendant is or becomes subject during the period, *unless the sentence of probation* or conditional discharge *is revoked.* The revocation shall take place prior to parole under or expiration of the sentence of imprisonment or within ninety (90) days after the grounds for revocation come to the attention of the Department of Corrections, whichever occurs first.[2] (Emphasis supplied.)

In the course of addressing a different, but related, issue, the Supreme Court of Kentucky suggested that KRS 533.040(3) would apply in this situation. In *Brewer v. Commonwealth,* Ky., 922 S.W.2d 380, 382 (1996), the Court said that "the provisions of KRS 533.040(3) would ... apply in cases where the ... probationer commits a misdemeanor or violates a condition of ... probation which does not constitute a felony." *See also Sutherland v. Commonwealth,* Ky., 910 S.W.2d 235, 237 (1995) (explaining that KRS 533.040(3) "provides that any revocation of probation *(which occurs outside of the 90–day period* ) is to be run concurrently with any other offense").

Although KRS 532.110(1) seems to indicate that concurrent sentencing is appropriate in this case, KRS 533.040(3) is clearly applicable. When we are confronted with an apparent conflict between two statutes, we apply basic rules of statutory construction. In *Commonwealth v. Martin,* Ky.App., 777 S.W.2d 236, 238 (1989), this Court explained that "where [it is not possible to reconcile the inconsistency between two statutes], the [statute] containing express and positive language relating to the particular subject should take precedence over a provision dealing with a matter in general terms." While

---

**1.** "A definite term is a sentence for a misdemeanor offense. KRS 532.090. An indeterminate term is a sentence of imprisonment for a felony." KRS 532.060(1). *Harris v. Commonwealth,* Ky. App., 674 S.W.2d 528, 529 (1984).

*Harris* is factually distinguishable from the present case in that Harris' misdemeanor probation was revoked when he subsequently committed a felony. *Id.* at 529.

**2.** The timing of the revocation proceedings is not an issue in this case.

KRS 532.110(1) deals with "[c]oncurrent and consecutive terms of imprisonment" in *general*, KRS 533.040(3) deals *specifically* with sentences of probation. Since KRS 533.040(3) is more specific and Kentucky courts have repeatedly suggested that it is applicable, we believe that it governs the present case.[3]

Since the ninety-day rule is not an issue here, we are only concerned with the KRS 533.040(3) provision that "[a] sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison, or parole term for another offense to which the defendant is or becomes subject during the period, *unless the sentence of probation or conditional discharge is revoked*." Interpreting the relevant language in a factually similar case, this Court explained that "[i]t is our opinion that probated sentences are to run concurrently UNLESS the sentence of probation is revoked. In the case at bar, the appellant's probation was revoked, thus pursuant to KRS 533.040(3) the court has the authority to impose consecutive sentences." *Myers v. Commonwealth*, Ky.App., 836 S.W.2d 431, 434 (1992), *overruled on other grounds by Sutherland v. Commonwealth, supra*.[4] We agree with this interpretation of KRS 533.040(3).

Although concurrent sentencing is the general rule, KRS 533.040(3) creates an exception for cases in which probation is revoked. By providing this exception, the General Assembly has implied that consecutive sentencing is an option when probation is revoked within the required ninety-day period. KRS 533.040(3). The most recent Kentucky probation revocation cases, *Brewer*, 922 S.W.2d 380 (holding that consecutive sentencing is mandatory when revocation is based upon a subsequent felony conviction even if the proceedings were not instituted within ninety days) and *Sutherland*, 910 S.W.2d at 235, also imply that, under these circumstances, the sentencing court has authority to impose consecutive sentences.

Accordingly, the order from which this appeal is prosecuted is affirmed.[5]

All concur.

**3.** For similar reasons, Ky.Rev.Stat. (KRS) 532.110(1) has also been found to conflict with KRS 533.060. KRS 533.060 only applies when probation has been revoked for a subsequent felony conviction. Since Snow's subsequent convictions were misdemeanors, KRS 533.060 does not apply here. It is nevertheless significant that these inconsistencies have created numerous exceptions to the strict application of KRS 532.110(1). *See Brewer v. Commonwealth*, Ky., 922 S.W.2d 380 (1996) (holding that consecutive sentencing is mandatory when probation is revoked for a subsequent felony conviction); *Commonwealth v. Martin*, Ky.App., 777 S.W.2d 236 (1989); and *Handley v. Commonwealth*, Ky. App., 653 S.W.2d 165, 166 (1983) (holding that consecutive sentencing was appropriate when a defendant committed additional offense while free on bail awaiting trial although one crime was a misdemeanor and the other was a felony).

**4.** *Sutherland v. Commonwealth*, Ky., 910 S.W.2d 235 (1995) overruled *Myers v. Commonwealth*, Ky.App., 836 S.W.2d 431 (1992), "to the extent that it conflicts with [the *Sutherland*] opinion." While the *Myers* interpretation of the ninety-day rule was overruled, *Sutherland*, 910 S.W.2d at 237, affirmed *Myers* "[i]n all other respects."

**5.** Snow also contends that the circuit court erred in calculating the amount of credit to which he was entitled for time served. This issue is now moot. Acknowledging its error, the circuit court amended its order in December 1994 to give Snow credit for the full 414 days served while the felony charges were pending. The original order only gave him credit for 299 days.