**Laura L. WARREN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 96–CA–2920–MR.

Court of Appeals of Kentucky.

June 5, 1998.

Case Ordered Published by
Court of Appeals July 31, 1998.

Mark Wettle, Louisville, for Appellant.

A.B. Chandler III, Attorney General, Dina Abby Jones, Assistant Attorney General, Frankfort, for Appellee.

Before BUCKINGHAM, GARDNER and KNOX, JJ.

*OPINION*

KNOX, Judge.

Laura Warren appeals from an order of the McCracken Circuit Court entered on October 16, 1996, revoking her conditional discharge on a misdemeanor offense and sentencing her to serve twelve (12) months in the county jail consecutive to a sentence for a felony offense. We affirm.

On January 31, 1995, the McCracken County Grand Jury indicted Warren in Case No. 95–CR–23 on one felony count of Second–Degree Trafficking in a Schedule III Controlled Substance, First Offense, Kentucky Revised Statute (KRS) 218A.1413. On July 14, 1995, Warren entered a guilty plea to an amended misdemeanor offense of Second–Degree Possession of a Controlled Substance, KRS 218A.1416, pursuant to a plea agreement with the Commonwealth, in which the Commonwealth agreed to recommend a sentence of twelve (12) months, and further agreed to take no position on probation. On September 1, 1995, the circuit court sentenced Warren to twelve (12) months, but it suspended service of the sentence and placed her on conditional discharge for a period of two years. The requirements of the conditional discharge included refraining from committing another offense and avoiding injurious or vicious habits.

On January 23, 1996, the McCracken County Grand Jury indicted Warren in Case No. 96–CR–28 on one felony count of Theft by Unlawful Taking over $300.00 (KRS 514.030), one misdemeanor count of Possession of Marijuana (KRS 218A.1422), and one misdemeanor count of Possession of Drug Paraphernalia (KRS 218A.500(2)). On June 28, 1996, Warren entered a guilty plea to each of the three counts pursuant to a plea agreement with the Commonwealth, but the trial court postponed sentencing. On July 26, 1996, Warren appeared in court wherein the trial judge orally sentenced Warren to serve two years on the felony offense and twelve (12) months on each of the two misdemeanor offenses, all to run concurrently for a total sentence of two years in prison. The final judgment and sentence of imprisonment, however, was not entered into the record until August 13, 1996.

Also on August 13, 1996, the circuit court issued a bench warrant and order for Warren to show cause why her conditional discharge in Case No. 95–CR–23 should not be revoked because of the conviction in Case No. 96–CR–28. At the revocation hearing held on October 11, 1996, Warren stipulated to having violated the requirements of her conditional discharge, but she asked the trial judge to run her twelve-month sentence in 95–CR–23 concurrently with her two-year sentence in 96–CR–28. The circuit court denied the request, revoked her conditional discharge and ordered that the twelve-month sentence run consecutive to the two-year prison sentence. This appeal followed.

Warren presents the single issue on appeal whether the trial court erred by ordering her to serve the misdemeanor sentence consecutive to the felony sentence. She raises two arguments to support her position: 1) KRS 533.060 does not apply to allow the circuit court to run a sentence for a misdemeanor offense consecutive to a sentence for a felony offense; and 2) KRS 533.040(3) required the circuit court to run the reinstated misde-

meanor sentence concurrently because the revocation of her conditional discharge occurred more than ninety (90) days after the grounds for revocation came to the attention of the Department of Corrections.

Warren argues that the issue as to whether a revoked sentence must run consecutively or concurrently is governed by KRS 533.060 and KRS 533.040. She further contends that KRS 533.060 dictates when a revoked sentence must run consecutively and KRS 533.040 dictates when a revoked sentence must run concurrently. Warren correctly points out that the language of KRS 533.060(2) [1] appears to require that any sentence received for a *felony* conviction committed while on probation for a prior *felony* conviction must be served consecutively to any other felony sentence. In *Harris v. Commonwealth,* Ky.App., 674 S.W.2d 528 (1984), the court held that KRS 533.060(2) did not apply to a situation involving revocation of probation or conditional discharge of a misdemeanor sentence based on the commission of a felony offense while on probation for the misdemeanor offense. Thus, we agree with Warren that KRS 533.060(2) does not apply in this case, but this fact does not justify the relief requested by appellant.

First, KRS 533.060 is not exclusive in setting out the requirements for running a revoked sentence consecutive to another sentence. KRS 533.040(3) states:

A sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison, or parole term for another offense to which the defendant is or becomes subject during the period, unless the sentence of probation or conditional discharge is revoked. The revocation shall take place prior to parole under or expiration of the sentence of imprisonment or within ninety (90) days after the grounds for revocation come to the attention of the Department of Corrections, whichever occurs first.

In *Snow v. Commonwealth,* Ky.App., 927 S.W.2d 841 (1996), the court held that KRS 533.040(3), rather than KRS 532.110(1), applied to permit a revoked felony sentence to be served consecutive to a misdemeanor sentence. The court stated:

[W]e are only concerned with the KRS 533.040(3) provision that "[a] sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison, or parole term for another offense to which the defendant is or becomes subject during the period, *unless the sentence of probation or conditional discharge is revoked."* Interpreting the relevant language in a factually similar case, this Court explained that "[i]t is our opinion that probated sentences are to run concurrently UNLESS the sentence of probation is revoked. In the case at bar, the appellant's probation was revoked, thus pursuant to KRS 533.040(3) the court has the authority to impose consecutive sentences." *Myers v. Commonwealth,* Ky. App., 836 S.W.2d 431, 434 (1992), *overruled on other grounds by Sutherland v. Commonwealth, supra[,* Ky., 910 S.W.2d 235 (1995)].* (Footnote omitted). We agree with this interpretation of KRS 533.040(3).

Although concurrent sentencing is the general rule, KRS 533.040(3) creates an exception for cases in which probation is revoked. By providing this exception, the General Assembly has implied that consecutive sentencing is an option when probation is revoked within the required ninety-day period.

927 S.W.2d at 843.

 Even though *Snow* involved revocation of a probated felony sentence following conviction for a misdemeanor offense, rather than the reverse, the language of KRS 533.040(3) would readily apply in either situation. It states that "[a] sentence of probation or *conditional discharge* shall run con-

---

1. KRS 533.060(2) provides:
 When a person has been convicted of a felony and is committed to a correctional detention facility and released on parole or has been released by the court on probation, shock probation, or conditional discharge, and is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock probation, or conditional discharge, the person shall not be eligible for probation, shock probation, or conditional discharge and the period of confinement for that felony shall not run concurrently with any other sentence.

currently with *any* ... state jail, [or] *prison ... term for another offense ... unless the sentence of probation ... is revoked.*" Consequently, we believe KRS 533.040(3) applies in the case at bar to allow the trial court to run the reinstated misdemeanor sentence consecutive to the felony sentence. While *Harris v. Commonwealth,* Ky.App., 674 S.W.2d 528 (1984), held that a revoked misdemeanor sentence should run concurrently with the sentence for a subsequent felony conviction, the court relied on KRS 532.110(1), and did not discuss KRS 533.040. As the court in *Snow v. Commonwealth, supra,* held, KRS 533.040(3) is more specifically directed toward situations involving the running of revoked sentences and therefore takes precedence over the more general KRS 532.110(1) in those cases.

Warren's second argument is that if KRS 533.040(3) applies, this statute requires that Warren's sentences run concurrently because revocation of the conditional discharge and reinstatement of the misdemeanor sentence occurred outside the 90–day time limit. In *Sutherland v. Commonwealth,* Ky., 910 S.W.2d 235 (1995), the Supreme Court held that while a defendant's probation could be revoked at any time prior to termination of the probationary period, the 90–day requirement in KRS 533.040(3) must be complied with before the revoked sentence may be ordered to be served consecutively to another sentence. Warren contends that the 90–day period accrued on July 2, when a copy of the new felony conviction was entered.

In *Myers v. Commonwealth,* Ky.App., 836 S.W.2d 431 (1992), *overruled on other grounds by Sutherland v. Commonwealth,* Ky., 910 S.W.2d 235 (1995), the court indicated that Corrections may wait until a conviction is attained before initiating revocation proceedings consistent with KRS 533.040(3). As the court noted, there are compelling reasons to postpone a revocation hearing until final disposition of the other charges such as safeguarding the defendant from self-incrimination and judicial economy by circumventing duplicative hearings. As the Commonwealth points out, even entry of a guilty plea is not necessarily final given the trial court's ability to allow the defendant to withdraw the guilty plea under CR 8.10.

Warren maintains that the 90–day period was triggered on July 2, 1996, when the judgment on the guilty plea in the felony case was entered into the record and served on the Division of Probation and Parole. She incorrectly asserts that the Judgment on a Guilty plea in the felony offense in Case No. 96–CR–28 was mailed to the Department of Corrections at that time. The sentencing hearing in the felony case was not conducted until July 28, 1996, and the final judgment and sentence was not entered into the record with service to the Department of Corrections until August 13, 1996. In addition, the trial court's order for a bench warrant and show cause hearing concerning possible revocation of the conditional discharge on the misdemeanor offense because of the felony conviction was not issued until August 13, 1996. We believe the most appropriate date for accrual of the 90–day period in KRS 533.040(3) is August 13, 1996, when the felony conviction became final and the Department of Corrections was notified. In any event, utilizing either July 28 or August 13, 1996, the revocation of the conditional discharge that occurred on October 11, 1996, was within the statutorily required 90–day period. Accordingly, we hold that the trial court was not precluded from ordering Warren to serve the twelve-month sentence on the misdemeanor conviction consecutive to the two-year sentence on the felony conviction because of the 90–day revocation limitation.

For the foregoing reasons, we affirm the order of the McCracken Circuit Court.

All concur.