**Walydeane WALKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1998–CA–001746–MR.

Court of Appeals of Kentucky.

July 30, 1999.

Case Ordered Published by Supreme Court Feb. 16, 2000.

Discretionary Review Denied by Supreme Court Feb. 16, 2000.

Kathleen A. Pakes, Daniel T. Goyette Louisville, for Appellant.

A.B. Chandler, III, Atty. Gen., Todd D. Ferguson, Asst. Atty. Gen., Frankfort, for Appellee.

BEFORE: DYCHE, McANULTY, and MILLER, Judges.

## OPINION

MILLER, Judge:

Walydeane Walker brings this appeal from a July 1, 1998, order of the Jefferson Circuit Court. We affirm.

The facts are these: In June 1996, Walker entered a guilty plea to the misdemeanor fourth-degree assault (Kentucky Revised Statutes (KRS) 508.030) and was sentenced to twelve months in jail, conditionally discharged for two years. In June 1998, Walker again entered a guilty plea to the misdemeanor of fourth-degree assault and was sentenced to twelve months in jail. Consequently, the Commonwealth moved to revoke Walker's conditional discharge on the 1996 misdemeanor. The circuit court revoked Walker's conditional discharge and determined that her twelve-month sentence upon the 1996 misdemeanor and her twelve-month sentence upon the 1997 misdemeanor should run *consecutively* for a total of two years' imprisonment. This appeal followed.

Walker contends the circuit court committed reversible error by concluding that the two twelve-month misdemeanor sentences should run consecutively. She contends that KRS 532.110(1) mandates that consecutive misdemeanor sentences shall in no event exceed one year. The Commonwealth counters that KRS 533.040(3) creates an exception to KRS 532.110(1) and authorizes such consecutive sentencing in situations where probation has been revoked. The relationship of KRS 532.110(1) and KRS 533.040(3) has been settled in *Snow v. Commonwealth,* Ky.App., 927 S.W.2d 841 (1996). Therein, the Court determined that

> [w]hile KRS 532.110(1) deals with "[c]oncurrent and consecutive terms of impris-

onment" in *general,* KRS 533.040(3) deals *specifically* with sentences of probation. Since KRS 533.040(3) is more specific and Kentucky courts have repeatedly suggested that it is applicable, we believe that it governs the present case.

. . . .

> Although concurrent sentencing is the general rule, KRS 533.040(3) creates an exception for cases in which probation is revoked. By providing this exception, the General Assembly has implied that consecutive sentencing is an option when probation is revoked. . . .

*Id.* at 842–843. [Emphases in original.]

In sum, we are compelled to conclude that KRS 533.040(3) is controlling and that thereunder an exception is created to KRS 532.110 in cases involving revoked probation. Hence, the circuit court did not commit reversible error by running Walker's two twelve-month misdemeanor sentences consecutively.

For the foregoing reasons, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.