**Dan E. WILSON, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

**No. 2000–CA–001697–MR.**

Court of Appeals of Kentucky.

Oct. 5, 2001.

Discretionary Review Denied
by Supreme Court June 5, 2002.

Case Ordered Published by
Supreme Court June 5, 2002.

Kim Brooks, Covington, KY, for Appellant.

Albert B. Chandler III, Attorney General of Kentucky, George G. Seelig, Assistant Attorney General, Frankfort, KY, for Appellee.

Before: COMBS, BARBER, and TACKETT, Judges.

*OPINION*

COMBS, Judge.

Dan E. Wilson (Wilson) appeals from a sentence of July 11, 2000, revoking his probation and sentencing him to two years to run consecutively with any other felony sentence which he was currently serving. We affirm.

On July 6, 1994, Wilson pleaded guilty to Burglary, Second Degree, Kentucky Revised Statutes (KRS) 511.030; Unlawful Transaction with a Minor, Second Degree, KRS 530.065; and Unlawful Use of a Motor Vehicle, KRS 514.100, in Breckinridge Circuit Court. He was sentenced to seven (7) years to serve. On January 13, 1995, the parole board released Wilson on parole. On December 11, 1995, the board revoked his parole, returning him to prison.

Wilson was subsequently incarcerated at Blackburn Correctional Complex (Black-

burn) in Fayette County, Kentucky. On June 3, 1997, Wilson escaped from Blackburn. He turned himself in to the Breckinridge County Sheriff's Office within days of the escape. On November 11, 1997, Wilson pleaded guilty to Escape, Second Degree, KRS 520.030. The Fayette Circuit Court sentenced him to two years to serve for the escape charge but probated the service of his sentence for five years to run consecutively with any other felony sentence that Wilson was currently serving.

On November 10, 1998, the parole board again released Wilson on parole with respect to the original seven-year Breckinridge sentence. At that point, Wilson's five-year probationary period with respect to the Fayette sentence began. On February 23, 2000, the parole board revoked Wilson's parole with respect to the Breckinridge sentence, and he returned to prison to serve the balance of the seven years. On June 30, Wilson, *pro se,* moved the Fayette Circuit Court to revoke his probation on the escape charge and to run its two-year sentence concurrently with the seven-year Breckinridge County sentence. He argued that the Fayette sentence had to run concurrently with the Breckinridge sentence because more than ninety days had passed since the Department of Corrections (Corrections) had become aware of the grounds for revocation of probation for escape.

Wilson contended that KRS 533.040(3) requires that a revocation hearing be held within ninety days from the time that Corrections becomes aware of the grounds for revocation in order for his reinstated sentence to run consecutively with any other felony sentence. He argued that Corrections became aware that he had violated his probation no later than February 23, 2000, when his parole was revoked. If the hearing is held beyond the ninety days,

Wilson contends that KRS 533.040(3) mandates that the sentences run concurrently. On July 11, 2000, the Fayette Circuit Court revoked Wilson's probation and sentenced him to serve two years consecutively to any other previous felony sentence that he was required to serve. This appeal followed.

Wilson presents one assignment of error for our review: whether the trial court erred as a matter of law when upon probation revocation, it sentenced him to serve his more recent sentence consecutively with the prior felony sentence. As this is a question of law, our review is *de novo.* See, *Floyd County Board of Education, et al. v. Ratliff, et al.,* Ky., 955 S.W.2d 921 (1997) and *Uninsured Employer's Fund v. Garland,* Ky., 805 S.W.2d 116 (1991).

Wilson contends that after his probation had been revoked, the circuit court was prohibited from running his two-year sentence consecutively with the balance of the seven-year sentence that he was then serving pursuant to KRS 533.040(3), which reads as follows:

A sentence of probation or conditional discharge *shall run concurrently* with any federal or state jail, prison, or parole term for another offense to which the defendant is or becomes subject during the period, unless the sentence of probation or conditional discharge is revoked. The revocation shall take place prior to parole under or expiration of the sentence of imprisonment or within ninety (90) days after the grounds for revocation come to the attention of the Department of Corrections, whichever occurs first. (Emphasis added.)

Wilson relies on *Sutherland v. Commonwealth,* Ky., 910 S.W.2d 235 (1995), in which the defendant's probation was revoked more than ninety days after Corrections had become aware of the violation. Sutherland argued that since the hearing

occurred outside the ninety days, the trial court was wholly prohibited from revoking his probation at all. *Id.* The Kentucky Supreme Court disagreed, upholding the revocation of probation but directing that it run *concurrently* rather than consecutively with the previous sentence because of the failure of Corrections to act within ninety days: "any revocation of probation (which occurs outside of the 90–day period) is to be run concurrently with any other offense." *Id.* at 237.

The Commonwealth maintains that the circuit court acted appropriately, citing KRS 532.110(4) as the pertinent statute governing the facts of this case:

> Notwithstanding any provision in this section to the contrary, if a person is convicted of an offense that is committed while he is imprisoned in a penal or reformatory institution ... the sentence imposed for that offense may be added to the portion of the term which remained unserved at the time of the commission of the offense. *The sentence imposed upon any person convicted of an escape or attempted escape offense shall run consecutively with any other sentence which the defendant must serve.* (Emphasis added.)

Our task is to resolve the conflict between KRS 533.040(3) (dealing with the 90–day probation revocation period) and KRS 532.110(4) (the escape statute mandating consecutive sentencing). An analogous conflict occurred in *Gaither v. Commonwealth,* Ky., 963 S.W.2d 621 (1997).

Gaither was charged with several felonies in one indictment and with escape in a separate indictment. Because of the consecutive sentencing for escape mandated by KRS 532.110(4), his aggregate sentence totalled 40 years, exceeding the maximum length of the longest extended term that would have been authorized by statute. KRS 532.110(1)(c) specifically forbids such a situation. The *Gaither* court resolved the conflict in favor of the more specific statute, holding that KRS 532.110(4) mandating consecutive sentencing for escape should prevail.

We hold that KRS 532.110(4) creates a specific exception to KRS 533.040(3) where the two come into conflict and that the more specific statutory language pertaining to escape must pre-empt the more general statute dealing with the 90–day period in which to bring a probation revocation hearing. The court did not err in ordering Wilson's sentence for escape to run consecutively as to his previous sentence.

The judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.