Eric J. GAVEL a/k/a Allen
Osborne, Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

March 29, 1984.

As Modified on Denial of Rehearing
Sept. 13, 1984.

Frank W. Heft, Jr., Chief Appellate Defender, Daniel T. Goyette, Jefferson Dist. Public Defender, Ann L. Bailey, Asst. Dist. Defender, Louisville, for movant.

Steven Beshear, Atty. Gen., W. Bruce Cowden, Jr., Asst. Atty. Gen., Frankfort, for respondent.

AKER, Justice.

In January, 1979, movant was convicted on several counts of theft by deception. The sentences were ordered to run concurrently and were probated for a period of five years. In October, 1979, movant was convicted by a federal court on the charge of robbery of a post office and was sentenced to twenty-five years' imprisonment. The trial court, after learning of the federal court sentence, revoked movant's probation and ordered that his three-year sentence be served consecutively with the federal sentence. The trial court stated that KRS 533.060(2) required that the sentences be served in that manner. The Court of Appeals affirmed the consecutive sentencing and we granted discretionary review of the issue.

We reverse the decision of the Court of Appeals.

KRS 533.060(2) reads as follows:

(2) When a person has been convicted of a felony and is committed to a correctional facility maintained by the bureau of corrections and released on parole or has been released by the court on probation, shock probation, or conditional discharge, and is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock probation, or conditional discharge, such person shall

not be eligible for probation, shock probation, or conditional discharge and *the period of confinement for that felony shall not run concurrently with any other sentence.* (Emphasis added.)

Movant argues that KRS 532.115 is controlling in this situation rather than the above cited statute. KRS 532.115 states:

532.115. Concurrent sentencing with federal sentencing.—The court, in sentencing a person convicted of a felony, shall be authorized to run such sentence concurrent with any federal sentence received by that same defendant for a federal crime. The time spent in federal custody under such concurrent sentencing shall count as time spent in state custody.

Movant relies on the rule announced in *Brown v. Hoblitzell,* Ky., 307 S.W.2d 739 (1956), that where existing statutes conflict and cannot be reconciled, the later statute controls. Thus, movant asserts that the trial judge erred when he stated that he was bound by KRS 533.060(2) to run the theft by deception sentence consecutively with the federal sentence.

We hold that the trial court may run the state sentence concurrently or consecutively with the federal sentence because KRS 533.060(2) is not applicable to the facts in the present case. The conviction referred to in that section is the subsequent one, not the first. That section provides that when a person while on probation is "convicted or enters a plea of guilty to a felony, ... the period of confinement for *that* felony shall not run concurrently with any other sentence." In the present case *"that"* felony would be the federal conviction, which the state court has no control over.

For purposes of revoking movant's probation and sentencing movant, KRS 533.040(3) and 532.115 respectively, are controlling. Since movant's sentencing to the penitentiary by the state court was after the federal conviction and the order of probation revoked was within 90 days after the grounds for revocation came to the attention of the Bureau of Corrections, the trial judge is authorized to order the state sentence to run concurrently or consecutively with the federal sentence.

We remand this case to the trial court in order that it may decide whether the state sentence should be run concurrently or consecutively with the federal sentence.

All concur.