Paul RILEY, Appellant,

v.

Al PARKE, Warden, Appellee.

John WILLS, Appellant,

v.

Al PARKE, Warden, Appellee.

Nos. 87–SC–63–I, 87–SC–120–I.

Supreme Court of Kentucky.

Nov. 25, 1987.

C. McGehee Isaacs, Dept. of Public Advocacy, Frankfort, for appellant Riley.

C. McGehee Isaacs, Dept. of Public Advocacy, Frankfort, for appellant Wills.

Linda Cooper, Barbara W. Jones, Corrections Cabinet, Office of Gen. Counsel, Frankfort, for appellee.

STEPHENS, Chief Justice.

On January 16, 1981, Appellant Riley was convicted of first-degree armed robbery in Woodford Circuit Court, and sentenced to serve twenty-five years' imprisonment. On January 16, 1985, Appellant Wills was convicted of receiving stolen property in the Fayette Circuit Court and of being a persistent felony offender in the second degree. He was sentenced to serve ten years in prison. At the times of their convictions, both men were on parole from previous offenses. Both judgments were silent as to whether the former and present prison terms should run consecutively or concurrently. Pursuant to KRS 533.060(2), the Corrections Cabinet set the sentences to run consecutively. The appellants filed habeas corpus actions in Oldham Circuit Court pursuant to KRS 419.020, contending the Corrections Cabinet was improperly calculating their sentences. These were denied by the Oldham Circuit Court, and affirmed by the Kentucky Court of Appeals.

The issue to be decided by this appeal is whether the Corrections Cabinet exceeded its authority in setting the appellants' sentences to run consecutively. We hold that it did not.

Appellants contend that there is a conflict between KRS 532.110(2) and KRS 533.-060(2). KRS 532.110(2) provides:

(2) If the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run concurrently with any other sentences which the defendant must serve.

However, KRS 533.060(2) states:

(2) *When a person has been convicted of a felony and is* committed to a correctional facility maintained by the corrections cabinet and *released on parole* or has been released by the court on probation, shock probation, or conditional discharge, *and is convicted or enters a plea of guilty to a felony committed while on parole,* probation, shock probation, or conditional discharge, such person shall not be eligible for probation, shock probation, or conditional discharge and *the period of confinement for that felony shall not run concurrently with any other sentence.* (Emphasis added).

Thus, appellants maintain that since their judgments are silent as to whether they should run consecutively or concurrently, the conflict should be resolved to run their sentences concurrently, notwithstanding KRS 533.060(2). Appellants argue that by setting the sentences to run consecutively, the Corrections Cabinet wrongfully thwarted the wishes of the trial court. They claim that the trial courts knew their silence would result in concurrent sentences; thus, changing the order to consecutive sentences invaded the scope of the court's authority.

We disagree. Although there facially appears to be a conflict between KRS 532.-110(2) and KRS 533.060(2), we hold that the latter controls. This very issue was decided in *Devore v. Commonwealth,* Ky., 662 S.W.2d 829, 831 (1984), where we said:

The General Assembly has rather clearly shown its intention to provide stiff penalties for convicted and paroled felons who commit subsequent felonies while on parole. Parole is, of course, a very special privilege given to prisoners who have evidenced to the parole board, by their conduct and their verbiage, their reliability to have their sentence served out of prison and to comply with whatever condition the board may attach. *The General Assembly obviously felt that those parolees who violate this trust by the commission of a felony shall be forced to suffer the penalties. Viz-not being eligible for probation, etc., and not having their subsequent sentences served concurrently.* (Emphasis added).

Therefore, the clear intent of the legislature was to exact a further penalty upon those who, allowed to leave prison early, choose to violate their agreements and commit yet more crimes. Thus, the Correc-

tions Cabinet did not improperly calculate appellant's sentences.

Appellants also argue that setting the order of the sentences was beyond the scope of authority of the Corrections Cabinet. They claim that such determination of the length of time they must serve is within the exclusive purview of the trial court.

We disagree. The application of KRS 533.060(2) is essentially administrative in nature, and is certainly properly included in the duties of the Corrections Cabinet.

We therefore affirm the judgment of the Court of Appeals.

GANT, LAMBERT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents.