889 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry WILEY, Petitioner-Appellant,
v.
CORRECTIONS CABINET OF KENTUCKY; Attorney General of
Kentucky, Respondents-Appellees.
 No. 89-5248.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1989.
 
 1
 Before KRUPANSKY and RYAN, Circuit Judges, and JAMES P. CHURCHILL, Chief District Judge.*
 
 ORDER
 
 2
 Henry Wiley, a pro se Kentucky state prisoner, appeals from the judgment granting in part and denying in part his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254, as well as from an order denying his motion to hold the respondent in contempt. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 While on parole from two earlier criminal sentences, Wiley was convicted of receiving stolen property, possession of a controlled substance, and being a persistent felony offender. He received a fifteen year sentence. In this petition, he challenged the respondent's calculation of his sentence as being in violation of the separation of powers doctrine and the ex post facto clause. The district court found an ex post facto violation regarding an earlier ten year sentence, and ordered the petitioner released from that sentence, and his fifteen year sentence recalculated. The recalculation resulted in a later release date. Petitioner believed this to be in error, and moved to hold the respondent in contempt. The district court denied the motion.
 
 
 4
 Upon consideration, we conclude that petitioner's sentence has been properly recalculated. Contrary to Wiley's belief, Ky.Rev.Stat. Sec. 197.035 is clearly inapplicable to his case, and Ky.Rev.Stat. Sec. 533.060(2) was properly applied to his most recent sentence to prevent it from running concurrently with the sentences on which he had been paroled. Application of Ky.Rev.Stat. Sec. 533.060(2) has been held by Kentucky's highest court to be an administrative function within the scope of the duties of the Corrections Cabinet. Riley v. Parke, 740 S.W.2d 934, 936 (Ky.1987). That decision is binding on this court. Hutchison v. Marshall, 744 F.2d 44, 46 (6th Cir.1984), cert. denied, 469 U.S. 1221 (1985).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation