907 F.2d 150
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Edwin COOK, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 89-6377.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1990.
 
 Before MERRITT, Chief Judge and KEITH and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 William Edwin Cook, a pro se Kentucky prisoner, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1986, while on parole from a 1975 conviction, Cook pleaded guilty to first degree robbery. His parole was revoked and Cook was sentenced to ten years imprisonment. The commitment order, however, did not specify whether the sentence was to be served consecutive to or concurrent with the 1975 sentence. The Corrections Cabinet, relying on Ky.Rev.Stat. Sec. 533.060(2), determined that the sentences were to run consecutively. Thereafter, Cook filed the instant habeas petition alleging that the determination that the sentences were consecutive violated the ex post facto clause and the separation of powers doctrine. The magistrate recommended that the petition be denied, finding that Ky.Rev.Stat. Sec. 533.060(2) precluded concurrent sentencing when a paroled felon was convicted of a subsequent offense. The district court adopted the magistrate's recommendation over Cook's objections.
 
 
 3
 On appeal, Cook reasserts his claim and has filed a brief. Defendant has notified the court that he will not be filing a brief.
 
 
 4
 Upon review, we affirm the district court's judgment. Although there is a conflict in Kentucky's statutory scheme, see Ky.Rev.Stat Sec. 532.110(2) & (3) and Ky.Rev.Stat. Sec. 533.060(2), the Kentucky Supreme Court has decided that Ky.Rev.Stat. Sec. 533.060(2) controls and mandates the imposition of a consecutive sentence even if the commitment order is silent on the issue. The court also concluded that the Corrections Cabinet does not exceed its authority in setting consecutive sentences under those circumstances. See Riley v. Parke, 740 S.W.2d 934, 935 (Ky.1987); Devore v. Commonwealth, 662 S.W.2d 829, 831 (Ky.), cert. denied, 469 U.S. 836 (1984).
 
 
 5
 This ruling by the Kentucky Supreme Court is binding on a federal habeas court. See Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam). Moreover, there was no ex post facto violation in this case as there was no retroactive legislative enactment. See Weaver v. Graham, 450 U.S. 24, 28 (1981). Finally, we reject Cook's separation of powers argument as clearly meritless.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.