Kenny Ray BREWER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 95–SC–468–DG.

Supreme Court of Kentucky.

May 23, 1996.

Donna Boyce, Public Advocate, Frankfort,
for appellant.

A.B. Chandler, III, Attorney General, Joseph R. Johnson, Assistant Attorney General, Frankfort, for appellee.

## OPINION OF THE COURT

Upon review of the arguments presented by the parties as well as the opinion of the Court of Appeals, we have concluded that the decision of the Court of Appeals should be affirmed. Moreover, having determined that the opinion of the Court of Appeals satisfactorily addresses the issues raised, we adopt it, with minor typographical corrections, and set it forth as follows:

"BEFORE: COMBS, EMBERTON, AND WILHOIT, Judges.

"WILHOIT, JUDGE. This is an appeal from the judgment of the Warren Circuit Court revoking the appellant's probation and sentencing him to a term of one year's imprisonment to be served consecutively with a one year term of imprisonment ordered by the Barren Circuit Court for a second offense.

"The appellant, Kenny Brewer, was indicted by the Grand Jury in Warren County on the charges of felony theft, two counts, or in the alternative, two counts of felony receipt of property. The indictment was issued on December 30, 1991. On April 10, 1992, the appellant pled guilty to the two counts of felony theft and all other charges were dismissed. Final sentencing was held on April 27, 1992, at which time the appellant was sentenced to one year's imprisonment on each count to run concurrently. The trial court then probated the sentence for a period of five years on the condition that the appellant not violate the law in the future.

"Thereafter, the appellant was indicted by the Grand Jury in Barren County on the charges of promoting contraband in the first degree, a felony, four misdemeanors, and three traffic violations. The record does not contain the date of the indictment or the date of the arrest. The first relevant date concerning these proceedings is January 15, 1993. On that date, the appellant's probation officer filed a report with the Commonwealth's Attorney regarding the appellant and the Barren County charges. The Com-

monwealth's Attorney acknowledges receipt of that report.

"On May 3, 1993, the appellant pled guilty to seven of the counts alleged in the Barren County indictment, including the felony count. The Barren Circuit Court [on May 19, 1993] sentenced him to one year of confinement and fined him a total of six hundred dollars. On May 17, 1993, the Commonwealth moved the Warren Circuit Court to revoke the appellant's probation based upon his second conviction. A revocation hearing was conducted on July 29, 1993. The appellant conceded that his probation should be revoked, but maintained that the Warren Circuit Court was required to run the reinstated sentence concurrently with that imposed by the Barren Circuit Court.

"The Warren Circuit Court entered an order revoking the appellant's probation on August 3, 1993. In that order, the trial court ordered that the appellant's original one year sentence be reinstated, and that the sentence was to run consecutively with any other sentence. This appeal followed.

"The appellant argues that the Warren Circuit Court was required, pursuant to KRS 533.040(3), to run his sentence concurrently with other sentences. According to the appellant, since the grounds for probation revocation came 'to the attention of the corrections cabinet' on January 15, 1993, the cabinet was required to have the probation revoked within ninety days of that date, or the reinstated sentence would have to run concurrently with any other prison term. Because the probation was not revoked until August of 1993, well without the ninety-day statutory limit, he insists the statute mandates concurrent sentencing. See Kiser v. Commonwealth, Ky.App., 829 S.W.2d 432 (1992).

"On the other hand, the appellee argues that it was well within its prerogative to treat the initial arrest as mere allegations. Relying on Myers v. Commonwealth, Ky.App., 836 S.W.2d 431 (1992), the appellee contends that it could wait until the conviction before instituting revocation proceedings, and, if the probation is revoked within ninety days of the conviction, the trial court had discretion to run the reinstated sentence consecutively with other prison terms.

"In practical terms, the result of this case will not give the appellant the relief he seeks in light of the provisions of KRS 533.060(2). The language of that provision reads as follows:

When a person has been convicted of a felony and is committed to a correctional detention facility and released on parole or has been released by the court on probation, shock probation, or conditional discharge, and is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock probation, or conditional discharge, the person shall not be eligible for probation, shock probation, or conditional discharge and the period of confinement for that felony shall not run concurrently with any other sentence.

The statute clearly and unambiguously requires that the appellant's second sentence, the Barren County sentence, not run concurrently with his first sentence, the Warren County sentence. See Commonwealth v. Hunt, Ky.App., 619 S.W.2d 733 (1981).

"The law of statutory construction mandates that KRS 533.060 control. The law of statutory construction was summarized in Hunt, supra, citing Brown v. Hoblitzell, Ky., 307 S.W.2d 739, 744 (1956), stating as follows:

In enacting laws, the Legislature is presumed to take cognizance of the existing statutes and the condition of the law so that when the statute under consideration is ambiguous, the new enactment is to be construed in connection and in harmony with the existing laws as a part of a general and uniform system of jurisprudence. Button v. Hikes, 296 Ky. 163, 176 S.W.2d 112, 150 A.L.R. 779; Reynolds Metal Co. v. Glass, 302 Ky. 622, 195 S.W.2d 280. Apparent conflicts or repugnancies between statutes on the same general subject enacted at different times should be reconciled in the light of the existing statutes and Constitution. Cawood v. Coleman, 294 Ky. 858, 172 S.W.2d 548; Burbank v. Sinclair Prairie Oil Co., 304 Ky. 833, 202 S.W.2d 420. If the conflict cannot be reconciled, the latter [later] statute controls.

*Butcher v. Adams,* 310 Ky. 205, 220 S.W.2d 398.

*Hunt,* 619 S.W.2d at 734. The two statutes clearly contradict if read in conjunction and according to the appellant's position. Since KRS 533.060 was enacted in 1976, and KRS 533.040 was enacted in 1974, the former controls. Therefore, the judgment of the Warren Circuit Court cannot have prejudiced the appellant even if it were held to be technically incorrect. *See* RCr 9.24.

"The judgment of the Warren Circuit Court is affirmed.

"ALL CONCUR."

This opinion answers a question left open in the recent opinion in *Sutherland v. Commonwealth,* Ky., 910 S.W.2d 235, 236 (1995), which addressed the specific question of "whether a trial court may make a ruling in a motion to revoke probation, when that ruling is made more than 90 days after the Department of Corrections becomes aware of reasons to revoke." Answering that question in the affirmative, this court affirmed the reasoning of the Court of Appeals in *Kiser, supra,* noting that KRS 533.040(3) addresses the calculation of sentences and whether they are to be served concurrently or consecutively, not the jurisdiction of the trial court to revoke.

While the specific conflict between KRS 533.060(2) and KRS 533.040(3) has not been addressed previously, prior cases, such as *Devore v. Commonwealth,* Ky., 662 S.W.2d 829 (1984), and *Riley v. Parke,* Ky., 740 S.W.2d 934 (1987), have noted the General Assembly's clear intention in enacting KRS 533.060(2) to provide stiff penalties in the form of consecutive sentences to those who, after having been awarded parole or probation, violate that trust by the commission of subsequent felonies. We also note that this case is distinguishable from *Gavel v. Commonwealth,* Ky., 674 S.W.2d 953 (1984), which involved the interplay between federal and state jurisdiction.

■ Finally, it should be emphasized that the consecutive sentencing required by KRS 533.060(2) only applies in cases involving a *felony* committed while on parole, probation, shock probation or conditional discharge.

Thus the provisions of KRS 533.040(3) would still apply in cases where the parolee or probationer commits a misdemeanor or violates a condition of parole or probation which does not constitute a felony.

The decision of the Court of Appeals affirming the judgment of the Warren Circuit Court is affirmed.

STEPHENS, C.J., and GRAVES, KING, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

BAKER, J., not sitting.