**Brandon WARE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2009–CA–001730–MR.

Court of Appeals of Kentucky.

Oct. 22, 2010.

---

Brandon Neil Jewell, Assistant Public Advocate, Frankfort, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, David W. Barr, Assistant Attorney General, Frankfort, KY, for Appellee.

Before CLAYTON, DIXON and WINE, Judges.

## OPINION

DIXON, Judge:

Appellant, Brandon Ware, appeals from an order of the Campbell Circuit Court revoking his probation and ordering his five-year sentence for first-degree trafficking to run consecutive to a one-year Ohio sentence. For the reason set forth herein, we reverse and remand.

In September 2006, Appellant pled guilty in the Campbell Circuit Court to one count of first-degree trafficking and was sentenced to five years' imprisonment. However, on March 28, 2007, the trial court granted Appellant's motion for shock probation and his sentence was probated for a period of five years. Thereafter, in August 2008, Appellant was convicted in Hamilton County, Ohio, of two felony counts of trafficking cocaine. It is undisputed that the Kentucky Department of Corrections was notified of the pending Ohio charges in February 2008, as well as of Appellant's conviction of such in September 2008.

Some ten months later, on July 2, 2009, Corrections filed an affidavit in the Campbell Circuit Court seeking revocation of Appellant's probation. Following a hearing, the trial court revoked probation and ruled that *Brewer v. Commonwealth*, 922 S.W.2d 380 (Ky.1996) and KRS 533.060(2) mandated that Appellant's five-year sentence run consecutively to his Ohio sentence. This appeal ensued.

On appeal, Appellant argues that the trial court erred in applying KRS 533.060(2) to run his sentences consecutively. Rather, Appellant contends that under KRS 533.040(3) and KRS 532.155, his Kentucky sentence should have run concurrently with the Ohio sentence. We must agree.

As previously noted, the trial court herein relied upon the decision in *Brewer v. Commonwealth*, which discussed the interplay between KRS 533.040(3) and KRS 533.060(2). The relevant provisions are as follows:

KRS 533.040(3) provides:

A sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison, or parole term for another offense to which

the defendant is or becomes subject during the period, unless the sentence of probation or conditional discharge is revoked. The revocation shall take place prior to parole under or expiration of the sentence of imprisonment or within ninety (90) days after the grounds for revocation come to the attention of the Department of Corrections, whichever occurs first.

Further, KRS 533.060(2) provides:

When a person has been convicted of a felony and is committed to a correctional facility maintained by the bureau of corrections and released on parole or has been released by the court on probation, shock probation, or conditional discharge, and is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock probation, or conditional discharge, such person shall not be eligible for probation, shock probation, or conditional discharge and the period of confinement for that felony shall not run concurrently with any other sentence.

In *Brewer*, the defendant pled guilty in the Warren Circuit Court of two counts of felony theft and was sentenced in April 1992, to one year's imprisonment, probated for a period of five years. However, in May 1993, Brewer pled guilty in the Barren Circuit Court to another felony. The Warren Circuit Court thereafter revoked Brewer's probation and ordered his Warren County sentence to run consecutively to the Barren County sentence. On appeal, Brewer argued that his sentences should have run concurrently because his probation was not revoked within the 90–day time limitation of KRS 533.040(3).[1]

In rejecting Brewer's arguments, the Supreme Court held that the latter-enacted KRS 533.060(2) controlled:

The statute clearly and unambiguously requires that the appellant's second sentence, the Barren County sentence, not run concurrently with his first sentence, the Warren County sentence....

. . .

While the specific conflict between KRS 533.060(2) and KRS 533.040(3) has not been addressed previously, prior cases, such as *Devore v. Commonwealth*, Ky., 662 S.W.2d 829 (1984) and *Riley v. Parke*, Ky., 740 S.W.2d 934 (1987), have noted the General Assembly's clear intention in enacting KRS 533.060(2) to provide stiff penalties in the form of consecutive sentences to those who, after having been awarded parole or probation, violate that trust by the commission of subsequent felonies.

*Brewer*, 922 S.W.2d at 381–82.

In ruling that *Brewer* controlled the case herein, the trial court noted in its revocation order,

Defendant received a new felony conviction in Hamilton County, Ohio, on August 5, 2008, while he was serving his sentence of five (5) years probation that this Court imposed when granting the Defendant shock probation.... The Department of Corrections did not meet the 90–day time limit of K.R.S. § 533.040(3) after receiving notice of the Defendant's new conviction in September 2008. However, under *Brewer*, K.R.S. § 533.060(2) controls over K.R.S. § 533.040(3) and the Court may not run a sentence imposed after probation revocation concurrently with a sentence for the new felony conviction the defendant received while on shock probation.

---

1. It was undisputed in *Brewer* that the Warren County Commonwealth Attorney became aware of the Barren County proceedings in January 1993, yet did not file a motion for revocation until May 1993.

Unfortunately, the trial court's reliance on *Brewer* is misplaced. Interestingly, and likely contributing to the courts' confusion in the instant case, is the fact that the Kentucky Supreme Court's holding in *Brewer* cannot be reconciled with the facts therein. In *Brewer*, the Court specifically stated that KRS 533.060(2) clearly and unambiguously required that the appellant's second sentence, the Barren County sentence, not run concurrently with his first sentence, the Warren County sentence. 922 S.W.2d at 381. Yet, the appeal in *Brewer* was from the Warren Circuit Court's order running its reinstated sentence consecutively to the Barren Circuit Court's sentence. In other words, Brewer's first sentence was reinstated and ran consecutively to the second sentence.

*Brewer* has been a source of confusion. For example, in *Peyton v. Commonwealth*, 253 S.W.3d 504, 510 (Ky.2008), *cert. denied*, —— U.S. ——, 129 S.Ct. 604, 172 L.Ed.2d 463 (2008), the Supreme Court quoted from *Brewer*, observing that it held that "KRS 533.060(2) unambiguously required that Appellant's second sentence could not run concurrently with the reinstated sentence that he was on parole for." *Id.* at 510. Unfortunately, as previously discussed, it is obvious from the facts that it was the first reinstated sentence and not the second sentence that was at issue in *Brewer*. This is clearly not what is contemplated by KRS 533.060(2).

In *Peyton*, the Supreme Court noted,

[W]e now hold that the logic espoused by Justice Leibson in his dissent [in *Devore v. Commonwealth*, 662 S.W.2d 829 (Ky.1984)] provides an inherently more practical understanding of [KRS 533.060]. "A reasonable interpretation of the phrase 'with any other sentence,' (KRS 533.060(2)) is that 'any other sentence' means only the unserved portion of the sentence for the felony for which

probation or parole should be revoked." *Devore*, 662 S.W.2d at 831 (Leibson, J., dissenting). This viewpoint interprets the language, "shall not run concurrently with any other sentence," in KRS 533.060(2) as meaning any other sentence *previously* imposed. (Emphasis added).

Thus, it becomes quite clear in the context of KRS 533.060(2), that the language, "the period of confinement for that felony shall not run concurrently with any other sentence," should be construed as meaning that subsequent felony offense(s) committed while on probation or parole may not be run concurrently with the sentence for which the individual is on probation or parole. *Peyton*, 253 S.W.3d at 511. Based upon *Peyton*, we must conclude that KRS 533.060(2) governs the actions of the court with jurisdiction over the second subsequent offense, not the original court that granted conditional discharge, probation or parole. Nevertheless, we acknowledge that the facts behind *Brewer* stand in opposition to this conclusion. As such, we would urge our Supreme Court to revisit *Brewer* and clarify the proper application of the statute.

Returning to the case at hand, we agree with Appellant that the facts herein are more analogous to those presented in *Gavel v. Commonwealth*, 674 S.W.2d 953 (Ky. 1984). Therein, the defendant was convicted of a felony in the federal court while on probation in the state court. The trial court, upon learning of the federal court sentence, revoked the defendant's probation and ordered that his three-year state sentence was required to run consecutively to the federal sentence pursuant to KRS 533.060(2). A panel of this Court affirmed the trial court on appeal. However, on discretionary review, our Supreme Court held:

[T]he trial court may run the state sentence concurrently or consecutively with the federal sentence because KRS 533.060(2) is not applicable to the facts in the present case. The conviction referred to in that section is the subsequent one, not the first. That section provides that when a person while on probation is "convicted or enters a plea of guilty to a felony, ... the period of confinement for *that* felony shall not run concurrently with any other sentence." In the present case *"that"* felony would be the federal conviction, which the state court has no control over. (Emphasis in original).

*Gavel,* 674 S.W.2d at 954. Accordingly, the Court ruled that KRS 533.040(3) and KRS 532.115[2] controlled. *Id.*

Similarly, for purposes of revoking Appellant's probation, we also conclude that KRS 533.040(3) and KRS 532.115 respectively, are controlling. Certainly, this case is distinguishable from *Gavel* in that Appellant's subsequent felony was not a federal conviction. Nonetheless, we discern no true distinction, as this state had no more jurisdiction over the Ohio conviction than it would have had over a federal conviction.

Because we have determined that KRS 533.040(3) rather than KRS 533.060(2) applies to the instant case, the trial court's authority to run Appellant's sentences concurrently or consecutively was conditioned, as it was in *Gavel,* upon a determination of whether the revocation occurred "within

ninety (90) days after the grounds for revocation [came] to the attention of the Department of Corrections...." KRS 533.040(3). However, here the trial court made a specific finding that the Commonwealth did not comply with the 90–day time requirement. In fact, the affidavit seeking revocation of Appellant's probation was not filed in the trial court until nearly ten months after the Department of Corrections first learned of Appellant's Ohio convictions. Further, an officer with the Kentucky Division of Probation and Parole testified at the revocation hearing that Appellant's Ohio sentence was scheduled to expire on July 20, 2009, nearly one month prior to the revocation hearing.

It is apparent from the Commentary to KRS 533.040(3), that it was enacted to prevent precisely what occurred in this case; i.e., authorities waiting until the expiration of a defendant's subsequent sentence to initiate revocation proceedings on the first offense.

> Subsection (3) is designed to eliminate a problem that could exist with probation or conditional discharge sentences which are followed by a subsequent conviction for a separate offense. When this situation arises, authorities could wait until the defendant has served his prison sentence for the subsequent offense and then seek revocation of his prior sentence of probation or conditional discharge and reinstate his prior sentence of imprisonment. It is the purpose of this subsection, which is borrowed from

---

**2.** KRS 532.115 provides: "The court in sentencing a person convicted of a felony, shall be authorized to run the sentence concurrent with any federal sentence received by that defendant for a federal crime and any sentence received by that defendant in another state for a felony offense. The time spent in federal custody and the time spent in custody in another state under the concurrent sentencing shall count as time spent in state custody; but the federal custody and custody in another state shall not include time spent on probation or parole or constraint incidental to release on bail. If the court does not specify that its sentence is to run concurrent with a specific federal sentence or sentence of another state, the sentence shall not run concurrent with any federal sentence or sentence of another state."

the proposed Michigan Revised Criminal Code, § 1330, and the proposed Federal Criminal Code, § 3104, to prohibit such a practice unless the authorities act to revoke the prior sentence of probation or conditional discharge before the defendant has completed his imprisonment under the subsequent sentence. This provision would seem to be especially important in the event of a release of the defendant from prison on parole. Such a release contemplates a rehabilitation of the defendant or at least a chance to live a non-deviant existence. It also contemplates supervision of the defendant by the Department of Corrections. With such a release, a clean slate for the offender should serve a useful rehabilitative function. Subsection (3), like the preceding ones, is new to Kentucky law.

*Commentary to KRS 533.040.* As such, we believe our decision herein comports with the intent of KRS 533.040(3). Because it is undisputed that the revocation herein did not occur "prior to parole under or expiration of the sentence of imprisonment or within ninety (90) days after the grounds for revocation come to the attention of the Department of Corrections," the trial court was prohibited from ordering Appellant's sentences to run consecutively.

For the reasons set forth herein, the order of the Campbell Circuit Court is reversed and this matter is remanded with directions that the circuit court order Appellant's five-year state sentence to run concurrently with the Ohio sentence of imprisonment.

ALL CONCUR.