RENDERED: MARCH 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1223-MR

CHARLIE DORRIS                                                         APPELLANT

v.                    APPEAL FROM FRANKLIN CIRCUIT COURT
                      HONORABLE PHILLIP J. SHEPHERD, JUDGE
                      ACTION NO. 18-CI-00295

KENTUCKY DEPARTMENT OF
CORRECTIONS AND WENDY
WALROD                                                                 APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

JONES, JUDGE:  Charlie Dorris, *pro se*, appeals from the Franklin Circuit Court's order dismissing his petition for a writ of mandamus, entered July 8, 2019.  We affirm the circuit court's order.

## BACKGROUND

Dorris is an inmate currently serving five consecutive five-year sentences, totaling twenty-five years, with the Kentucky Department of

Corrections (the DOC). In June 2005, Dorris was convicted on a charge of flagrant non-support and sentenced to five-years' probation (Butler Circuit Case No. 03-CR-00144). In January 2006, Dorris was convicted on a charge of receiving stolen property and sentenced to another five-years' probation (Butler Circuit Case No. 04-CR-00115).

While on probation for the Butler Circuit Court cases, Dorris was charged and convicted in 2007 for three separate and additional felony offenses in Ohio Circuit Court (Case Nos. 07-CR-00058, 07-CR-00112, and 07-CR-00113). Dorris was sentenced to a prison term of five years for each of the Ohio Circuit Court cases, and the court ordered these to be served consecutively with each other, for a total of fifteen-years' imprisonment. Finally, on October 18, 2007, the Butler Circuit Court revoked Dorris's probation in Case Nos. 03-CR-00144 and 04-CR-00115. Based on KRS[1] 533.060(2), those probated five-year terms were ordered to run consecutively as well, resulting in a total sentence of twenty-five years.

At some point prior to September 8, 2017, Dorris apparently sent a letter to the central office of the DOC at the Justice and Public Safety Cabinet. Dorris's letter is not included in the record. However, the record contains the response to Dorris's letter from appellee Wendy Walrod, an Offender Information

---

[1] Kentucky Revised Statutes.

Administrator employed by the DOC's central office. She addressed Dorris's question about whether his sentences should have been run concurrently or consecutively. In the context of Walrod's letter, Dorris's apparent concern was that the DOC had "made the decision to alter the final judgments of [his] cases when each case was reviewed to be run concurrently or consecutively with the previous cases." (Record (R.) at 16.) Walrod stated that, by operation of KRS 533.060, all of Dorris's sentences would run consecutively. After addressing several other matters, Walrod concluded, "You have exhausted all administrative remedies available to you." (R. at 17.)

On April 13, 2018, Dorris filed a petition for writ of mandamus with the Franklin Circuit Court. Dorris asserted the DOC should be compelled to calculate his sentence at fifteen years rather than twenty-five, arguing the DOC failed to timely revoke his probation under KRS 533.040(3). That statute requires revocation "within ninety (90) days after the grounds for revocation come to the attention of the Department of Corrections[.]" Dorris claimed the Commonwealth and the DOC knew he had committed his last series of offenses on May 10, 2007, the date of his arrest, or at the latest on July 2, 2007, the date of his indictment. Viewed either way, Dorris argued his October 2007 revocation fell outside the ninety-day time limit. As a result, Dorris claimed the revocation time for violating his probation should be run concurrently with his fifteen-year Ohio Circuit Court

charges. Although Dorris asserted he exhausted all administrative remedies available to him, and he attached the Walrod letter as proof, he failed to attach his own letter to the DOC documenting his administrative exhaustion efforts.

On May 23, 2018, the DOC filed its answer and moved to dismiss Dorris's petition. In its memorandum supporting dismissal, the DOC argued that Dorris's letter to Walrod, an employee of the central office's Offender Information Services branch, did not comply with CPP[2] 17.4, which requires the inmate to first "direct his request to the Offender Information Services office at the institution where he is presently confined." (R. at 71 (emphasis omitted).) Furthermore, the DOC argued there is no evidence Dorris's letter raised the same issues in his letter as those stated in his petition to the court. The DOC pointed out how the petition addressed KRS 533.040(3), but the Walrod letter only considered the impact of KRS 533.060 on consecutive sentencing. Finally, the DOC asserted that Dorris's petition failed on the merits, citing *Brewer v. Commonwealth*, 922 S.W.2d 380 (Ky. 1996). On July 8, 2019, the Franklin Circuit Court granted the DOC's motion to dismiss. This appeal followed.

## ANALYSIS

In his appeal, Dorris argues consecutive sentencing under KRS 533.060 should not apply to him because the DOC failed to timely revoke his

---

[2] Kentucky Department of Corrections Policies and Procedures.

probation under KRS 533.040(3). The Franklin Circuit Court dismissed Dorris's petition on two grounds, first stating that Dorris had failed to demonstrate exhaustion of his administrative remedies, and second that Dorris's claim fails on the merits as a result of the Kentucky Supreme Court's ruling in *Brewer v. Commonwealth*, 922 S.W.2d 380 (Ky. 1996). We agree with both reasons and affirm the circuit court's dismissal.

First, the circuit court correctly found that Dorris's case required dismissal because he failed to prove exhaustion of administrative remedies. In KRS 454.415(1), the General Assembly provided the following:

> No action shall be brought by or on behalf of an inmate, with respect to . . . [a] conditions-of-confinement issue[] until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted.

The statute also uses mandatory language requiring an inmate to attach documents showing exhaustion of administrative remedies and requiring the court to dismiss a complaint if an inmate fails to exhaust administrative remedies. KRS 454.415(3)-(4).

Dorris apparently believed the Walrod letter, which stated he had exhausted administrative remedies, was sufficient to satisfy his obligations under the statute. However, even if the Walrod letter showed that Dorris had achieved administrative exhaustion as far as the DOC was concerned, for purposes of KRS

-5-

454.415(1), it did not relieve Dorris of his obligation to fully document and verify his efforts for the circuit court under KRS 454.415(3). Proper documentation of administrative exhaustion shows an inmate has raised arguments to the circuit court which are identical to those raised before the warden and the DOC; *see Houston v. Fletcher*, 193 S.W.3d 276, 278 (Ky. App. 2006). An inmate's failure to document administrative exhaustion prevents meaningful judicial review. *Id*. Here, the circuit court correctly found the Walrod letter discusses KRS 533.060 and makes no mention whatsoever of KRS 533.040. As a result, the circuit court found Dorris did not raise issues in his petition identical to those made before the DOC. The circuit court did not err in dismissing this case under KRS 454.415.

Second, even if one were to consider Dorris's case on the merits, the circuit court correctly found it could not succeed:

> [T]he Kentucky Supreme Court addressed the apparent inconsistencies between KRS 533.040(3) and KRS 533.060 in *Brewer v. Commonwealth* and established that sentences from probation revocation must run consecutive to all sentences regardless of whether the revocation occurred after the ninety (90) day period set forth in KRS 533.040. *Brewer v. Commonwealth*, 922 S.W.2d [380], 382 (Ky. 1996).

(R. at 103.) We agree with the circuit court and conclude Dorris's argument regarding the effect of KRS 533.040(3) on his felony sentences is not consistent with *Brewer*. When an individual on probation or parole commits a felony offense, KRS 533.060's imposition of "stiff penalties in the form of consecutive sentences"

-6-

supersedes KRS 533.040(3).  *Brewer*, 922 S.W.2d at 382.  However, "the provisions of KRS 533.040(3) would still apply in cases where the parolee or probationer commits a misdemeanor or violates a condition of parole or probation which does not constitute a felony."  *Id*.

## CONCLUSION

For the foregoing reasons, we affirm the Franklin Circuit Court's order dismissing Dorris's petition.

ALL CONCUR.

BRIEF FOR APPELLANT:

Charlie Dorris, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Allison R. Brown
Department of Corrections
Frankfort, Kentucky