RENDERED:  AUGUST 26, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0132-DG

COMMONWEALTH OF KENTUCKY                                                    APPELLANT


ON REVIEW FROM COURT OF APPEALS
V.                               NO. 2016-CA-1936
KENTON CIRCUIT COURT NO. 15-CR-00654


BOBBIE COLLINSWORTH                                                           APPELLEE


**OPINION OF THE COURT BY JUSTICE VANMETER**

**<u>VACATING AND DISMISSING</u>**

On discretionary review from the Court of Appeals, the Commonwealth of Kentucky claims that the Court of Appeals erred by reversing the Kenton Circuit Court's order on revocation of probation which ran Appellee Bobbie Collinsworth's sentence in her Kenton County case sentence consecutive to, rather than concurrent with, her sentence in her Campbell County cases. Specifically, the Commonwealth asserts that the Court of Appeals failed to apply KRS[1] 533.060(2), as required by this Court's decision in *Brewer v. Commonwealth,* 922 S.W.2d 380 (Ky. 1996), and which mandates that in these situations, consecutive sentencing for felonies committed while on probation is appropriate.  However, since Collinsworth has already completed all her

---

[1] Kentucky Revised Statutes.

obligations to both the Kenton and Campbell County courts, we vacate the Court of Appeals' decision and dismiss this case as moot.

## I. Factual and Procedural Background

In February 2016, Collinsworth pled guilty in Kenton Circuit Court to criminal possession of a forged instrument, a class D felony.[2] Collinsworth was sentenced in March 2016 to three years of incarceration, probated for five years, and ordered to serve thirty days in prison. Roughly five weeks after being released, and while still on probation, Collinsworth committed two additional felonies in Campbell County, for which she was convicted on July 27, 2016 and in each case was sentenced to serve one year of incarceration, for a total of two years.[3]

However, the Kenton County probation and parole officer in charge of Collinsworth's case was not notified of the Campbell County offenses immediately and did not move to revoke Collinsworth's probation in Kenton County until October 19, 2016. Collinsworth was paroled on her Campbell County offenses on November 17, 2016 but remained incarcerated on the Kenton County sentence. On December 6, 2016 the Kenton Circuit Court held Collinsworth's revocation of probation hearing and ultimately revoked her probation and ordered her incarcerated for three years, with credit for time spent in custody. The court's revocation order was silent as to whether her

---

[2] Case No. 15-CR-00654.

[3] Case Nos. 16-CR-00457 (possession of a controlled substance, heroin) and 16-CR-00458 (tampering with physical evidence and possession of a controlled substance, heroin).

sentence in the Kenton County case was to run concurrent with, or consecutive to, that in Campbell County.

Collinsworth appealed, arguing that under KRS 533.040(3), the Kenton County case must be ordered to be served concurrently with the Campbell County case because her probation was not revoked before she was granted parole, or within ninety days of her new convictions. The Commonwealth argued that KRS 533.040(3) does not apply and that under *Brewer*, KRS 533.060(2) applies. The Commonwealth further argued that because the trial court's written judgment was silent as to whether the sentence was to run concurrent with, or consecutive to, the Campbell County sentence, it must be interpreted by operation of law as running consecutive per KRS 532.220(2). The Court of Appeals ultimately agreed with Collinsworth's position and reversed the trial court, ordering on remand that her sentences be ordered to run concurrently. Thereafter, the Commonwealth petitioned this Court for discretionary review, which we granted. Notably, at this point, Collinsworth has since completed all her obligations to both Kenton and Campbell Counties.

## II. Analysis

We granted discretionary review to address the apparent conflict between KRS 533.040(3) and KRS 533.060(2), a pure question of law subject to *de novo* review. *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011). However, because Collinsworth has already served her sentence and owes the Commonwealth nothing more, any decision rendered by this Court would be merely advisory. *See Philpot v. Patton*, 837 S.W.2d 491, 493 (Ky. 1992) (stating

3

"[o]ur courts do not function to give advisory opinions, even on important public issues, unless there is an actual case in controversy[]"). Consequently, we are constrained to dismiss the matter as moot.

We have long held that a matter is moot when a party "seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy." *Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014) (citation and internal quotation marks omitted). The general rule being, that when "an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed." *Id.* at 99 (citations omitted).

However, as with nearly all other principles, mootness is not absolute. Instead, Kentucky courts have recognized that in instances when issues are "capable of repetition, yet evading review" or when there exists a strong "public interest" in the substantive resolution of a matter that we may decide the merits of the case despite a party's lack of standing. Neither exception applies to this case.

As this Court noted in *Philpot v. Patton*, cases are not simply "capable of repetition, yet evading review" because they involve "an important public question that is difficult to review." 837 S.W.2d at 493. Instead, application of the exception requires the satisfaction of two elements: "whether (1) the 'challenged action is too short in duration to be fully litigated prior to its cessation or expiration and [2] there is a reasonable expectation that the same

4

complaining party would be subject to the same action again.'" *Id.* (quoting *In re Commerce Oil Co.*, 847 F.2d 291, 293 (6th Cir. 1988)); *see also Bolton v. Irvin*, 373 S.W.3d 432, 435 (Ky. 2012)).

In *Morgan v. Getter*, we discussed the contours of the "capable of repetition, yet evading review" exception in the context of a case involving the proper role of a guardian ad litem in custody matters. 441 S.W.3d at 96-97. However, the question became moot while on appeal because the child at the heart of the dispute turned eighteen years old. *Id.* at 97. This Court decided against applying the exception on "capable of repetition" grounds because although the child's case "expired before it could be fully litigated, there [was] every reason to expect that other cases raising the same questions . . . be fully litigated." *Id.* at 100–01.[4]

In reaching its conclusion, the *Morgan* court distinguished the plaintiffs in *Lexington Herald-Leader Co., Inc. v. Meigs*, in which this Court applied the "capable of repetition" exception. 660 S.W.2d 658 (Ky. 1983). *Meigs* involved a circuit court's decision to deny the press access during voir dire of a high profile criminal case. *Id.* Although several newspapers brought suit challenging the court order, the issue quickly became moot because voir dire predictably completed well before a reviewing court was able to rule on the issue. *Id.* at 660. The *Meigs* court reasoned that invoking the "capable of repetition" exception was appropriate because voir dire typically concluded in a

---

[4] The Court ultimately invoked the "public interest" exception to mootness.

matter of days and a reasonable certainty exists that the circumstance would occur again because the press is often interested in judicial proceedings and has a constitutionally-recognized "right of access" to be in attendance during a criminal trial. *Id.* at 661.

We are persuaded here, as we were in *Morgan*, that a meaningful difference exists between issues whose shelf life may be measured in days and those which are most often measured in months and years. Given that KRS 533.060(2) concerns felonies, which often carry stiff penalties and significant periods of incarceration, we can reasonably expect that future litigants will have an opportunity to bring this matter to the Court's attention in a live controversy. Consequently, this case does not satisfy our "capable of repetition, yet evading review" standard.

To apply the "public interest" exception to mootness the reviewing court must find three elements present: (1) a question involving a public nature; (2) a need for an authoritative determination for the future guidance of public officers; and (3) a likelihood of future reoccurrence of the question. *Morgan*, 441 S.W.3d at 102 (citing *In re Alfred H.H.*, 910 N.E.2d 74, 80 (Ill. 2009)); *see also Jones v. Bailey*, 576 S.W.3d 128, 135 (Ky. 2019). We are satisfied that the first and third elements are met in this case because KRS 533.040(3) and KRS 533.060(2) concern loss of freedom, often for significant period of time, and directly implicate the Commonwealth's relationship to its citizens. *See, e.g., Jones*, 576 S.W.3d at 135 (determining that "procedural due process pertaining to the revocation of conditional freedom" was a matter of public interest);

6

*Muhammad v. Kentucky Parole Bd.,* 468 S.W.3d 331, 338-39 (Ky. 2015) (deciding that guilty pleas and plea bargains are matters of "utmost public importance[]" and likely to recur).

However, as we made clear in *Morgan,* the public interest exception must not only involve public questions and be capable of repetition. We must be vigilant and use our discretion only when a demonstrated need justifies a ruling from this Court. Otherwise, the public interest "exception 'would be so broad as to virtually eliminate the notion of mootness.'" 441 S.W.3d at 102 (quoting *In re Alfred,* 910 N.E.2d at 81). Consequently, we have carefully cabined our review for instance to matters of first impression, such as *Lehmann v. Gibson,* wherein this Court invoked the "public interest" exception to answer the entirely novel question of staying civil discovery until related criminal prosecutions are concluded. 482 S.W.3d 375, 382 (Ky. 2016); *see also Shinkle v. Turner,* 496 S.W.3d 418, 420 (Ky. 2016) (reviewing century old case law regarding landlord-tenant forcible entry and detainer which was "ill-suited" to modern realities).

No dearth of precedent fails to address the interplay between KRS 533.040(3) and KRS 533.060(2) which would require the invocation of our "public interest" exception. In fact, *Brewer v. Commonwealth* involved identical factual circumstances and is clearly binding on our Court of Appeals. 922 S.W.2d 380 (Ky. 1996). In 1992, Brewer pled guilty to felony theft charges in Warren County, for which he was sentenced to one-year's incarceration and five years of probation. *Id.* During his probationary period, Brewer committed

7

an additional felony in Barren County. *Id.* at 381. On January 15, 1993, Brewer's probation officer notified the Commonwealth's Attorney of the Barren County offense. On May 3, 1993 Brewer pled guilty to the Barren County felony. *Id.* The Commonwealth did not move to revoke Brewer's probation for his Warren County conviction until May 17, 1993, more than 90 days after receiving notice of Brewer's Barren County offense. *Id.* Subsequently, Brewer's counsel asserted that KRS 533.040(3) required that his Warren and Barren County sentences be run concurrently. This Court disagreed, holding that KRS 533.040(3) and KRS 533.060(2) directly conflicted and that the provision in KRS 533.060(2) which forbade concurrent sentences for subsequent felonies controlled. *Id.* at 381-82.

This Court confirmed *Brewer*'s central holding in *Love v. Commonwealth*, in which we stated,

> When a Kentucky state court probationer incurs a new Kentucky state court felony sentence while on probation, parole, shock probation or conditional discharge from a Kentucky state court, the ninety-day window of KRS 533.040(3) does not apply. Instead, in those situations, KRS 533.060, which mandates consecutive sentencing for felonies committed while on probation, applies.

334 S.W.3d at 95, n.11.

Moreover, since the *Brewer* decision, our Court of Appeals has applied *Brewer* time and again without incident or confusion. *See, e.g., Commonwealth v. Hines*, 2012-CA-002212-MR, 2014 WL 631689, at *2 (Ky. App. Feb. 14, 2014) (stating "[i]n accordance with [*Brewer*] and [*Love*], we believe the law is clear that when a defendant receives a probated sentence in state court and is

8

subsequently convicted of another felony, KRS 533.060 is applicable and mandates consecutive sentences[]”); *Pitney v. Commonwealth*, 2012-CA-002043-MR, 2013 WL 6046073 (Ky. App. Nov. 15, 2013) (reiterating *Brewer's* holding that KRS 533.060(2) required consecutive sentences in similar factual circumstances to the case before us); *Dorris v. Kentucky Dep't of Corrs.*, 2019-CA-1223-MR, 2021 WL 840332 (Ky. App. Mar. 5, 2021) (echoing that *Brewer* controls when individuals commit a subsequent felony while on parole or probation).

Finally, we note that in 2011 the General Assembly directly addressed KRS Chapter 533 in House Bill 463 but did not change the operative language at issue in this case. 2011 Ky. Acts ch. 4. As we stated in *Rye v. Weasel*, “a strong implication [exists] that the legislature agrees with a prior court interpretation of its statute when it does not amend the statute interpreted.” 934 S.W.2d 257, 262 (Ky. 1996) (citation omitted). The consistent application of *Brewer* by the lower courts and the legislature's inaction with regards to KRS 533.040(3) and KRS 533.060(2) clearly indicate that no additional guidance from this Court is needed at this time. Because the “public interest” exception is likewise inapplicable to this case, we must dismiss the matter as moot.

## III. CONCLUSION

For the foregoing reasons, we vacate the Court of Appeals opinion, and hereby order this matter is dismissed as moot.

All sitting. Minton, C.J.; Conley, Keller, Lambert, and Nickell, JJ., concur. Hughes, J., concurs in result only.

9

COUNSEL FOR APPELLANT:

Daniel J. Cameron
Attorney General of Kentucky

James Daryl Havey
Assistant Attorney General

COUNSEL FOR APPELLEE:

Steven Nathan Goens
Assistant Public Advocate