RENDERED: OCTOBER 21, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0100-MR

TIMOTHY DON CHAMBERS　　　　　　　　　　　　　　APPELLANT

v.　　　　　APPEAL FROM GRAVES CIRCUIT COURT
HONORABLE TIMOTHY C. STARK, JUDGE
ACTION NO. 17-CR-00248

COMMONWEALTH OF KENTUCKY　　　　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Timothy Don Chambers appeals a December 23, 2020 order
of the Graves Circuit Court revoking his probation. Upon review, we affirm.

　　　The relevant background of this matter is as follows. On January 14,
2019, consistent with his plea of guilty, Chambers was convicted in Graves Circuit
Court in the underlying matter (17-CR-00248) of possession of a controlled

substance in the first degree (methamphetamine), a Class D felony;[1] and possession of drug paraphernalia, a Class A misdemeanor.[2] He was sentenced to a concurrent term of two years' imprisonment, probated for a period of five years. Thereafter, Chambers was not only on probation due to his conviction in 17-CR-00248; he was also on probation regarding a sentence he had previously received as the result of a federal criminal proceeding. The appellate record contains no information regarding the nature of Chambers' federal conviction, apart from indicating that it was entered in the District Court for the Western District of Kentucky, Paducah Division, in a proceeding identified as *United States v. Timothy Chambers*, No. 5:11-CR-00027-TBR.

On February 8, 2019, while on probation, Chambers was arrested again and charged with new felony and misdemeanor offenses for which he was later indicted in Graves Circuit Court in a separate proceeding (19-CR-00064). In August 2019, he then absconded. On August 16, 2019, due to Chambers absconding, the Commonwealth filed a probation violation report and requested the revocation of his probation. The circuit court issued a bench warrant for his arrest. Chambers was served with the warrant on September 16, 2019.

---

[1] Kentucky Revised Statute (KRS) 218A.1415.

[2] KRS 218A.500.

However, when Chambers was served with the warrant, he was already in federal custody. As indicated in a report of Chambers' admission to the McCracken County Jail, the United States Marshals Service had arrested Chambers on September 13, 2019, in relation to 11-CR-00027-001; the report does not specify why the marshals arrested Chambers, but the parties agree it was for Chambers' violation of his federal probation – due either to his absconding or the new charges he had accrued in 19-CR-00064. A note attached to the executed bench warrant also provided, "Federal inmate cannot go to local courts currently." Chambers' federal probation was revoked shortly thereafter, and Chambers remained in federal custody for the next eleven months or so to serve his remaining federal sentence of imprisonment.

Shortly before October 2020, Chambers completed his federal sentence and was released from custody. Shortly thereafter, revocation proceedings moved forward regarding Chambers' probation in 17-CR-00248.

On December 21, 2020, consistent with his plea of guilty in 19-CR-00064, Chambers was convicted of possession of a controlled substance in the first degree (methamphetamine), and tampering with physical evidence, both of which were Class D felonies.[3] He was sentenced to a concurrent term of one year of imprisonment for those offenses.

---

[3] KRS 524.100.

On December 23, 2020, the circuit court in 17-CR-00248 revoked Chambers' probation, and for two reasons: (1) Chambers had absconded in August 2019; and (2) Chambers had pled guilty to and had been convicted of two additional felony offenses in 19-CR-00064. The circuit court also denied Chambers' request to run his sentence in 17-CR-00248 concurrently with the sentence he had received in 19-CR-00064. This appeal followed.

Chambers' sole argument on appeal is that the circuit court erred by refusing to run his sentence of imprisonment in 17-CR-00248 *concurrently* – as opposed to *consecutively* – with the sentence he received in 19-CR-00064. In support, he cites KRS 533.040(3), which provides:

> A sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison, or parole term for another offense to which the defendant is or becomes subject during the period, unless the sentence of probation or conditional discharge is revoked. The revocation shall take place prior to parole under or expiration of the sentence of imprisonment or within ninety (90) days after the grounds for revocation come to the attention of the Department of Corrections, whichever occurs first.

In a nutshell, Chambers asserts that KRS 533.040(3) required the circuit court to run his sentences concurrently because the revocation of his probation did not take place "within ninety (90) days after the grounds for revocation" came to the attention of the Department of Corrections.

-4-

That argument however, ignores the interplay between KRS 533.040(3) and KRS 533.060(2) in circumstances where an individual, such as himself, is granted probation for a felony sentence by a Kentucky state court, and then incurs a new Kentucky state court felony sentence while on probation. KRS 533.060(2) provides:

> When a person has been convicted of a felony and is committed to a correctional detention facility and released on parole or has been released by the court on probation, shock probation, or conditional discharge, and is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock probation, or conditional discharge, the person shall not be eligible for probation, shock probation, or conditional discharge and the period of confinement for that felony shall not run concurrently with any other sentence.

Our Supreme Court thoroughly addressed the interplay between these two provisions in *Commonwealth v. Collinsworth*, 628 S.W.3d 82 (Ky. 2021), explaining:

> *Brewer v. Commonwealth* involved identical factual circumstances and is clearly binding on our Court of Appeals. 922 S.W.2d 380 (Ky. 1996). In 1992, Brewer pled guilty to felony theft charges in Warren County, for which he was sentenced to one-year's incarceration and five years of probation. *Id*. During his probationary period, Brewer committed an additional felony in Barren County. *Id*. at 381. On January 15, 1993, Brewer's probation officer notified the Commonwealth's Attorney of the Barren County offense. On May 3, 1993 Brewer pled guilty to the Barren County felony. *Id*. The Commonwealth did not move to revoke Brewer's probation for his Warren County conviction until May

-5-

17, 1993, more than 90 days after receiving notice of Brewer's Barren County offense. *Id*. Subsequently, Brewer's counsel asserted that KRS 533.040(3) required that his Warren and Barren County sentences be run concurrently. This Court disagreed, holding that KRS 533.040(3) and KRS 533.060(2) directly conflicted and that the provision in KRS 533.060(2) which forbade concurrent sentences for subsequent felonies controlled. *Id*. at 381-82.

This Court confirmed *Brewer*'s central holding in *Commonwealth v. Love*, in which we stated,

> When a Kentucky state court probationer incurs a new Kentucky state court felony sentence while on probation, parole, shock probation or conditional discharge from a Kentucky state court, the ninety-day window of KRS 533.040(3) does not apply. Instead, in those situations, KRS 533.060, which mandates consecutive sentencing for felonies committed while on probation, applies.

334 S.W.3d at 95, n.11.

Moreover, since the *Brewer* decision, our Court of Appeals has applied *Brewer* time and again without incident or confusion. *See, e.g.*, *Commonwealth v. Hines*, 2012-CA-002212-MR, 2014 WL 631689, at *2 (Ky. App. Feb. 14, 2014) (stating "[i]n accordance with [*Brewer*] and [*Love*], we believe the law is clear that when a defendant receives a probated sentence in state court and is subsequently convicted of another felony, KRS 533.060 is applicable and mandates consecutive sentences[ ]"); *Pitney v. Commonwealth*, 2012-CA-002043-MR, 2013 WL 6046073 (Ky. App. Nov. 15, 2013) (reiterating *Brewer*'s holding that KRS 533.060(2) required consecutive sentences in similar factual circumstances to the case before us); *Dorris v. Kentucky*

*Dep't of Corrs.*, 2019-CA-1223-MR, 2021 WL 840332 (Ky. App. Mar. 5, 2021) (echoing that *Brewer* controls when individuals commit a subsequent felony while on parole or probation).

Finally, we note that in 2011 the General Assembly directly addressed KRS Chapter 533 in House Bill 463 but did not change the operative language at issue in this case. 2011 Ky. Acts ch. 4. As we stated in *Rye v. Weasel*, "a strong implication [exists] that the legislature agrees with a prior court interpretation of its statute when it does not amend the statute interpreted." 934 S.W.2d 257, 262 (Ky. 1996) (citation omitted).

*Id*. at 87-88.

Considering the foregoing, the Graves Circuit Court committed no error by running Chambers' sentence in this matter consecutively, rather than concurrently. We therefore, AFFIRM.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky